ROBERT LEE THOMAS *v.* STATE OF INDIANA.

[No. 574S106. Filed May 22, 1975.]

*John H. McKenna,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged with the crime of first-degree murder. Trial by jury resulted in a verdict of guilty of second-degree murder. Appellant was sentenced to imprisonment for a term of fifteen to twenty-five years.

The record discloses the following:

Prior to January 7, 1973, Appellant and Mrs. Morris had lived together for about a year. On October 18, 1972, Mrs. Morris severed the relationship, at which time Appellant became violent. On January 6, 1973, Mrs. Morris and the decedent, Arie Lee Lindsey, returned to Mrs. Morris' house after an evening out and found the front door ajar. They made a cursory search of the house but failed to find anyone. Lindsey went into the bedroom and lay down. Mrs. Morris proceeded to do some housework. At approximately 1:00 a.m., Mrs. Morris returned to the bedroom. As she opened the closet door to look for gowns, she saw Appellant fire a pistol from inside the closet. Mrs. Morris tried to shut the door and grabbed the barrel of the gun. She testified that Appellant fired 3 more shots while she held the barrel. After Mrs. Morris was pushed away from the door, Appellant put

the gun close to Lindsey's head, fired again and stated that he would make sure Lindsey was dead. Appellant then threatened to shoot Mrs. Morris if she tried to escape. He reloaded the pistol and then walked with Mrs. Morris to a gas station where Appellant made a phone call. Shortly, 2 boys arrived at the station and took Mrs. Morris and the Appellant to his residence, where he forced Mrs. Morris to have sexual relations with him. Medical testimony revealed that the decedent died as a result of 4 bullet wounds, each of which by itself would have been fatal. Appellant testified that Mrs. Morris agreed to meet him at her residence and that when he saw her come into the house with another man he hid in the closet. He testified that he had been threatened by an unknown boyfriend of Mrs. Morris. He stated that when Mrs. Morris opened the closet door he was startled and started shooting at the deceased, as he had thought that the deceased had put something under his pillow. He denied that he had raped Mrs. Morris, but stated the she had consented to intercourse.

Although Appellant's motion to correct errors assigns other errors, Appellant's sole contention before this Court is that the trial court erred in admitting Mrs. Morris' testimony of forcible intercourse following the death of Arie Lee Lindsey. Generally, evidence of one crime is not admissible to prove another. *Layton* v. *State*, (1966) 248 Ind. 52, 221 N.E.2d 881, 9 Ind. Dec. 685. However, the mere fact that the evidence goes to prove an offense other than the one charged is immaterial so long as that evidence has a tendency to prove or disprove the charged offense. *Sumpter* v. *State*, (1974) 261 Ind. 471, 306 N.E.2d 95, 40 Ind. Dec. 389.

When the evidence of the other crime shows motive on the part of the defendant, evidence of that non-charged crime is admissible. See *Vandeveer* v. *State*, (1971) 256 Ind. 509, 269 N.E.2d 865, 25 Ind. Dec. 658; *Meeks* v. *State*, (1968) 249 Ind. 659, 234 N.E.2d 629, 13

Ind. Dec. 268; *Watts* v. *State*, (1950) 229 Ind. 80, 95 N.E.2d 570. In the case at bar, Appellant's lust for Mrs. Morris, his ex-lover, indicates a motive for the killing of the decedent.

The testimony concerning the abduction and raping of Mrs. Morris was further admissible as evidence of acts within the "*res gestae*" exception to the rule that a non-charged crime may not be proved in establishing the charged offense. *Kiefer* v. *State*, (1960) 241 Ind. 176, 169 N.E.2d 723; 8 I.L.E. *Criminal Law* § 223.

Professor Wigmore discusses this principle of law and states "other criminal acts which are an inseparable part of the whole deed" may be shown. I Wigmore, EVIDENCE, § 218 (3rd Ed.)

Appellant urges that the rape was a separate, independent crime not connected with the murder. However, the evidence in this record indicates that that murder, the abduction and the rape were each a part of an uninterrupted transaction, which began with the murder of the decedent and ended when Mrs. Morris left Appellant's house after she had been raped.

We therefore hold the trial court did not err in permitting the State to present evidence concerning the entire episode, including the rape of Mrs. Morris.

Appellant has also attempted to raise, for the first time, misconduct by the prosecutor in his opening statement. The prosecutor had referred to a stabbing of Mrs. Morris by the Appellant some 3 months prior to the murder of Arie Lindsey. However, during the trial this evidence was excluded by the trial judge. No objection was made by the defendant at the time the statement was made by the prosecuting attorney in his argument. Nor was this question raised at the close of the trial in the motion to correct errors. We therefore hold the Appellant has failed to present this question for review. *White* v. *State*, (1967) 249 Ind. 105, 229 N.E.2d 652, 11 Ind. Dec. 148; *Certain* v. *State*,

202

(1973) 261 Ind. 101, 300 N.E.2d 345, 38 Ind. Dec. 346. We find no reversible error in this record.

The trial court is, therefore, affirmed.

Arterburn, DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 328 N.E.2d 212.