**Terry STONE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 75S03–9006–CR–419.**

Supreme Court of Indiana.

June 19, 1990.

**476**

David A. Brooks, Knox, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

## ON CRIMINAL PETITION
## FOR TRANSFER

GIVAN, Justice.

In an unpublished opinion, the Court of Appeals reversed a conviction of appellant for Receiving Stolen Property, a Class D felony, and Conversion, a Class A misdemeanor 547 N.E.2d 1131. We grant transfer, set aside the opinion of the Court of Appeals, and affirm the trial court.

The facts are: Through investigation, the Starke County Sheriff's Department had probable cause to believe that appellant's brother, Robert Stone, had committed several burglaries in the community and had been seen at appellant's home with a U–Haul truck. Police obtained search warrants to search appellant's home and surrounding premises. In their attempt to carry out the search warrant, Sheriff's Deputies met with verbal abuse and physical interference from appellant and his wife. However, notwithstanding such interference, they were able to recover and identify various items which had been taken in burglaries including Christmas tree decorations taken from the property of Fred Langer. It was this count of receiving stolen property of which appellant eventually was convicted. This property was found under a tarp in the yard. Appellant had specifically tried to keep the officers from looking under this tarp.

Appellant claims there is insufficient evidence to show that he had knowledge that the items on his premises had been stolen. However, as pointed out by Judge Garrard in his dissenting opinion in the Court of Appeals, the harassment of the officers by appellant and his wife, the fact that the items were concealed, and the nature of the items was ample circumstantial evidence from which the jury could determine that appellant in fact did have knowledge the items were stolen.

It is true that in order to sustain a conviction the State must prove that the defendant knew the property was stolen. *Johnson v. State* (1982), Ind.App., 441 N.E.2d 1015; *Mattingly v. State* (1981), Ind.App., 421 N.E.2d 18. Knowledge that property is stolen may be inferred from the circumstances surrounding the possession. *Marshall v. State* (1987), Ind.App., 505 N.E.2d 853. Attempts to conceal evidence may be considered by the jury as revealing consciousness of guilt. *See Gambill v. State* (1985), Ind., 479 N.E.2d 523. There is sufficient evidence in this record to support the verdict of the jury.

Appellant contends the trial court erred in refusing to give his Proposed Instruction No. 2, which stated that possession of stolen property by the defendant is not sufficient to establish guilt. However, the substance of this instruction was covered by the court's Instruction No. 4; thus it was not error to refuse to give appellant's instruction on the same subject. *Bowling v. State* (1986), Ind., 493 N.E.2d 783.

Appellant claims the trial court erred in overruling his motion for judgment on the evidence. As pointed out above, the evidence was sufficient to submit the case to the jury.

Appellant contends he was denied his constitutional right to effective assistance of counsel. He argues that counsel should have objected when the prosecuting attorney referred to items recovered on appellant's premises. These items were included in the counts of receiving stolen property which were dismissed by the trial court on appellant's motion for judgment on the evidence.

At the time of the motion, the State's evidence had been completed and all matters referred to by the prosecuting attorney in his closing argument had been submitted in evidence. The fact that the trial court had sustained appellant's motion for judgment on some of those charges does not remove the facts contained therein from the scope of the *res gestae* of the remaining charges.

Even if the other burglaries had never been charged, the evidence gathered in carrying out the search warrant would nevertheless have been admissible as part of the *res gestae*. *See Thomas v. State* (1975), 263 Ind. 198, 328 N.E.2d 212; *Francis v. State* (1974), 161 Ind.App. 371, 316 N.E.2d 416. Even had appellant's trial counsel objected to the prosecutor's statements, his objection would have been to no avail. His lack of action therefore cannot be considered to be inadequate representation.

Appellant contends the trial court erred in considering as aggravating circumstances the evidence involved in the dismissed charges. In sentencing appellant, the trial court found aggravating circumstances to be the fact that there was a large quantity of property stolen from a number of individual owners. For the reasons stated above, this evidence was part of the *res gestae* of the crime for which appellant stood convicted. In sentencing appellant, it was proper for the trial judge to take into consideration not only the evidence introduced at appellant's trial but matters contained in the presentence investigation. *Forrester v. State* (1982), Ind., 440 N.E.2d 475. The trial judge did not err in his finding of aggravating circumstances.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., would deny transfer.