■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID KELLY, Appellant.—Judgment, Supreme Court, New York County (Franklin, Weissberg, J.), rendered June 21, 1988, convicting defendant, after a jury trial, of robbery in the first degree and attempted rape in the first degree and sentencing him, as a predicate felon, to concurrent indeterminate prison terms of from 6 to 12 years and from 4 to 8 years, respectively, unanimously affirmed.

While the complainant was crossing 41st Street, the defendant grabbed her from behind, stuck a knife against her side, ordered her to "keep walking", and stated that he "wanted some pussy" and was going to kill her. After removing $10 from the complainant's pants pocket, he attempted to force her into an abandoned car, but she resisted and was able to escape. Defendant was soon apprehended, after the complainant, who had located police officers, observed defendant exiting the Port Authority Terminal.

While defendant does not challenge the evidence underlying his robbery conviction, he contends that the trial evidence was insufficient to establish that he intended to rape the complainant. However, viewing the evidence in the light most favorable to the People, we are satisfied that it established an intent to commit rape, and that defendant engaged in affirmative acts to effectuate that intent. *(See, People v Coleman,* 74 NY2d 381, 383.) The situation here is analogous to *People v Glover* (107 AD2d 821, *affd* 66 NY2d 931, *cert denied* 476 US 1161), where defendant's attempt to force the complainant into a car, using physical restraint and verbal threats, while defendant was armed with a knife, combined with his statement

" 'I want to f___ with you' " was held sufficient to support a conviction for attempted rape.

At the *Wade* hearing, defendant sought to call the complainant as his witness, without any showing of need other than counsel's statement that he was not "bound" by the police officer's version of the facts. The IAS court properly denied the request. As here, absent an indication of suggestiveness in an identification, a defendant is not entitled to call the victim as a witness at a *Wade* hearing *(People v Chipp,* 75 NY2d 327).

Finally, defendant raises several issues regarding the prosecutor's summation. A review of the record reveals that the prosecutor's summation was appropriately responsive to the defense and constituted fair comment on evidence. Concur— Milonas, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.