**Danny BUTCHER, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 53A04–9203–CR–71.**

Court of Appeals of Indiana,
Fourth District.

Aug. 11, 1992.

Transfer Denied Sept. 23, 1992.

Michael J. Spencer, Bloomington, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant Danny Neal Butcher appeals his conviction for Receiving Stolen Property, a class D felony. (IND. CODE 35–43–4–2(b)).

We affirm.

Butcher raises one restated issue for our review:

whether there was evidence to indicate he was the person who received the stolen property.

Over the years, Arthur Abrams saved 81 jars full of coins.

---

These coins were taken by Patsy Watts, Abrams' legal guardian, to a mini warehouse for storage. On May 23, 1991, the coins, a mirror, and boxes full of assorted items were stolen from the warehouse. Upon advice from the police department, Watts informed the local banks of the theft.

On May 24, 1991, Butcher brought a large amount of coins to the Monroe County Bank, Highland Branch, and asked to have them run through the sorter. The bank determined Butcher had approximately $250.00 in coins, and gave Butcher cash in that amount. After Butcher left the bank, the branch manager called the police, who confiscated the coins.

On May 28, 1991, Butcher took two five gallon buckets of pennies to Bloomington Bank and Trust. The bank teller took his name and phone number and told him to come back after the coins were counted. The teller then called the police. Butcher returned, and was confronted by Officer Helms. Butcher told the officer he had been saving the coins. He also stated he had no other coins and had not cashed any other pennies. Officer Helms, however, discovered a cooler filled with coins in Butcher's car.

Butcher later claimed he received the coins from Steve Owings at the home of Owings' sister. Butcher told Officer Helms he met Owings' sister while he was at her house. Owings' sister testified at trial she did not know Butcher. She also testified there were no coins at her house.

On March 28, 1992, Officer Crussan went to Butcher's residence and conducted a search. In the garage, he found a red recycling bin full of pennies, a mirror, and other items belonging to Abrams.

■ Butcher contends the evidence shows he actually stole the coins and other items. He further contends there was no evidence presented to indicate he received the coins with knowledge they were stolen. He cites *Walden v. State* (1989), Ind.App., 538 N.E.2d 288, for the proposition that one who actually steals property cannot be guilty of receiving the same property.

In *Armstead v. State* (1989), Ind., 538 N.E.2d 943, our supreme court was faced with the same issue raised here. The court held the appellant's conviction for receiving stolen auto parts was proper, even though the appellant testified he stole the moped in question and contended that proof of the theft would not support his conviction. The court noted the victim could not identify the appellant as the thief, the appellant was in possession of the moped when spotted by the police, and the appellant abandoned the vehicle in an attempt to evade questioning by the police. The court stated:

> Appellant contends the evidence was insufficient to support his conviction of receiving stolen auto parts. He argues that "a charge of receiving a motor vehicle that has been the subject of a theft is not sustained by proof that the Defendant himself stole the motor vehicle from its owner," citing *Coates v. State* (1967), 249 Ind. 357, 229 N.E.2d 640. He also maintains it is legally impossible to be convicted of receiving stolen property if the property is not stolen, citing *King v. State* (1984), Ind.App., 469 N.E.2d 1201.

> On review, if there exists substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. In the case at bar, proof was adduced at trial from which the jury could logically infer that while the moped was stolen, it was not stolen by appellant or by him alone. The apparent reasons for the filing of the receiving charge were that while police officers positively identified appellant in possession of the moped at the time it was abandoned, the victim was unable to identify appellant, his brother, or anyone else as the person who took the moped from him. Only appellant's own admissions at trial, along with his brother's, identify him as the person who deprived the victim of possession of the moped. The jury thus could have deduced the moped was stolen by appellant's brother or some other person.

Such an inference, combined with proof that appellant himself was in possession of the moped shortly before it was abandoned, is sufficient to support his conviction of receiving stolen auto parts.

538 N.E.2d at 947.

The crux of *Walden* was the unequivocal evidence establishing the appellant was the person who stole the car in question. In the present case, and in *Armstead,* no evidence established the identity of the thief. Therefore, the jury could have deduced the coins were stolen by someone other than Butcher.

■ Furthermore, there was sufficient evidence to show Butcher had knowledge the coins were stolen. Knowledge that property is stolen may be inferred from the circumstances surrounding the possession. *Stone v. State* (1990), Ind., 555 N.E.2d 475, 477. The jury could have inferred knowledge from evidence showing Butcher lied about cashing in coins at Monroe County Bank, lied about his possession of large amounts of other coins, and changed his story about how the coins came into his possession.

Affirmed.

MILLER and BAKER, JJ., concur.