Edgar S. HUGHES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A05–9202–CR–39.

Court of Appeals of Indiana, Fifth District.

Sept. 28, 1992.

Mark E. Kiefer, Deputy Public Defender, Fort Wayne, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

This case presents the issue of whether the physical restraint of a victim combined with verbal threats and sexually explicit requests for sex constitute a substantial step toward the commission of a rape. We find they do and therefore affirm.

On February 13, 1991, at approximately twelve o'clock noon, the sixteen-year-old victim in this case was walking to a convenience store in Fort Wayne, Indiana. A block or so away from the store a male subject, later identified as the defendant Edgar Hughes, approached the victim and began walking with her. Hughes began propositioning the victim in sexually explicit terms. He offered to pay her One Hundred Dollars for sex; the victim refused and asked him to leave her alone. Hughes then asked to kiss the victim; she refused. Hughes requested that the victim perform fellatio on him; she refused. Hughes asked the victim if he could perform cunnilingus on her. The victim again refused and quickened her pace. When the two reached an empty parking lot at the rear of the store Hughes grabbed the victim's arm and said, "Well, what if I just take it ... If you scream, I'll shoot you." Hughes then wrapped his arm around the victim's head and covered her mouth with his hand. The victim screamed, broke free, and ran inside the store.

Hughes was arrested shortly thereafter. He was charged with and convicted of attempted rape as a Class A felony.[1] Hughes now appeals arguing that the evidence is insufficient to support the conviction.

In reviewing a claim of sufficiency of the evidence our standard of review is well-settled. We will neither reweigh the evidence nor judge the credibility of the witnesses. We examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom and if there is substantial evidence of probative value to support the conviction, it will not be set aside. *Litel v. State* (1988), Ind., 527 N.E.2d 1114.

The crime of attempt involves two elements: a defendant must have been acting with specific intent to commit the crime and must have engaged in an overt act which constitutes a substantial step toward the commission of the crime. Ind.Code § 35–41–5–1; *Canaan v. State* (1989), Ind., 541 N.E.2d 894, *reh. denied, cert. denied,* — U.S. —, 111 S.Ct. 230, 112 L.Ed.2d 185. A substantial step is any overt act beyond mere preparation and in furtherance of the intent to commit the offense. *Cowans v. State* (1980), 274 Ind. 327, 412 N.E.2d 54, 55–56. Whether a defendant has taken a substantial step toward the commission of the crime, so as to be guilty of attempt to commit that crime, is a question of fact to be decided by the jury based on the particular circumstances of the case. *Canaan, supra; Jones v. State* (1988), Ind., 523 N.E.2d 750.

Ind.Code § 35–42–4–1 dictates in pertinent part:

A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when:
(1) the other person is compelled by force or imminent threat of force; ... commits rape, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force ...

1. Ind.Code §§ 35–42–4–1 (rape); 35–41–5–1 (attempt).

Thus, this court must affirm the judgment of conviction if the evidence demonstrates Hughes knowingly or intentionally took a substantial step to compel the victim to have sexual intercourse with him by using or threatening to use deadly force.

Hughes does not dispute the evidence supports his intent to rape the victim. Rather, Hughes argues the absence of overt sexual acts precludes a finding of a substantial step toward rape. Hughes points out that no evidence suggests he touched the victim in a sexual manner, that he removed or attempted to remove any of her clothing, or that he touched himself in a sexual manner or removed any of his own clothing.

Whether the conduct at issue in this case, that is, an attack on the victim without any sexual touching, positioning, or attempt to remove the victim's clothing or the clothing of the defendant, constitutes a substantial step toward the commission of rape is a question of first impression in this state. However, this court has noted:

> The fact that a defendant may not attempt to, or is ultimately unsuccessful in removing victim's clothing, removing his own clothing, or removing his penis from his clothing does not lead to the conclusion that such defendant ... did not take a substantial step toward committing the offense of rape.

*Tatum v. State* (1985), Ind.App., 485 N.E.2d 138, 139, *trans. denied,* (evidence sufficient for attempted rape when defendant broke into victim's bedroom, sat on her bed, pushed her shoulders down, put his hand over her mouth, and laid on top of her with his pants down). Further, when determining whether the defendant has taken a substantial step toward a crime, the focus is on what has been completed, not on what remains to be done. *Dillon v. State* (1983), Ind., 448 N.E.2d 21.

We are persuaded by the conclusions reached in other jurisdictions which have considered the sufficiency of the evidence in cases with facts similar to the case before us and have affirmed attempted rape convictions. *See, e.g., People v. Kelly* (1990), 166 A.D.2d 195, 564 N.Y.S.2d 79 (Court upheld a conviction for attempted rape where defendant grabbed victim and made sexually explicit propositions); *People v. Glover* (1986), 107 A.D.2d 821, 484 N.Y.S.2d 659, *aff'd,* 66 N.Y.2d 931, 498 N.Y.S.2d 796, 489 N.E.2d 765, *cert. denied* 476 U.S. 1161, 106 S.Ct. 2283, 90 L.Ed.2d 724 (Defendant's attempt to force victim into a car, threatening victim with a knife, combined with his explicit request to engage in sexual intercourse, was held sufficient to support a conviction for attempted rape); *Johnson v. State* (1978), 144 Ga. App. 568, 241 S.E.2d 458 (Court held the evidence was sufficient to sustain a conviction of attempted rape when defendant physically restrained the victim and repeatedly expressed his desire to engage her in sexual intercourse).

Rape is a crime of violence, not a crime of passion. Hence, the absence of a defendant's attempts to undress the victim or himself, or position himself in a manner commonly associated with amorous conduct does not negate the existence of sufficient evidence to support that the defendant took a substantial step toward committing a rape. Rather, a substantial step toward rape begins with the physical assault on the victim. All that is required is some overt act in furtherance of the intent beyond mere preparation. *Cowans, supra.*

In this case, the record clearly demonstrates that Hughes attacked the victim in furtherance of his intent to rape her. After she repeatedly denied his repeated sexually explicit requests, he grabbed her arm, wrapped his arm around her head, covered the victim's mouth with his hand, and threatened to engage the victim in sex by the use of deadly force. Based on the circumstances, a jury could reasonably and logically find beyond a reasonable doubt that Hughes took a substantial step toward committing rape. This conduct, coupled with Hughes' intent to rape the victim, sufficiently supports Hughes' conviction for attempted rape as a Class A felony.

Judgment affirmed.

BARTEAU and SULLIVAN, JJ., concur.