Jeffery GIBSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 55A01–9303–CR–103.

Court of Appeals of Indiana,
First District.

Nov. 15, 1993.

R. Stephen Donovan, Martinsville, for appellant-defendant.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

NAJAM, Judge.

### STATEMENT OF THE CASE

Jeffery Gibson appeals from his convictions for Attempted Auto Theft,[1] a Class D Felony, and Receiving Stolen Property,[2] a Class D Felony, and contends that the evidence on both counts is insufficient to sustain a conviction. We affirm.

### ISSUES

1. Whether there was sufficient evidence to support Gibson's conviction for Attempted Auto Theft.

2. Whether there was sufficient evidence to support Gibson's conviction for Receiving Stolen Property.

### FACTS

The facts most favorable to the judgment reveal that on the evening of April 17, 1992, Sheila Cunningham parked her car outside a house in Mooresville, Indiana, and walked inside briefly to get her brother. She left her son fastened in a car seat with the car running and the hazard lights flashing. As Cunningham glanced back outside moments later, she saw Gibson enter the driver's side of her car.

Despite the fact that both Cunningham and her brother ran outside and demanded that Gibson get out of the car, Gibson remained in the car and revved the car's engine. Cunningham opened the driver's door and again demanded that Gibson get out of the car. Instead, Gibson continued revving the car's engine and attempted to shift the car into gear. However, Gibson

---

1. IND.CODE § 35–41–5–1 and IND.CODE § 35–43–4–2.5.

2. IND.CODE § 35–43–4–2(b).

was unable to shift the car into gear because Cunningham's car was equipped with a brake lock which prevented the car from being shifted into gear when the car was running unless the brake was first depressed. After several minutes of revving the car's engine, Gibson finally exited the car and walked away.

When police officers arrived at Gibson's home to question him, Gibson's mother told the police that she had just driven him to the Eagles Lounge on West Harrison Street. Just as the officers spotted Gibson, he noticed the police car and immediately ran toward a hardware store where the officers apprehended him.

The officers then transported Gibson to the Mooresville Police Department. When the officers asked Gibson to remove his belongings, Gibson produced a wallet and $162.00 from his pants' pocket. After they noticed a large bulge in Gibson's boot, the officers asked him to remove the contents of the boot. Gibson told the officers that it was "none of their business" and denied that there was anything extraneous in his boot. Record at 864, 1023. Gibson repeatedly refused to remove the contents of his boot and struggled with the officers as they attempted to remove his boot. The officers subdued Gibson and removed several items from inside his sock, including credit cards, bank cards, a driver's license and other identification belonging to Larry Williams.

When the officers notified Williams that his wallet had been recovered, he confirmed that the wallet had been stolen from his car, although he had not reported the theft. Williams explained that while he was visiting a friend on West Harrison Street on the evening of April 17, he had left the wallet on the front seat of his car and had returned to find it missing. Williams claimed that his wallet contained approximately $160.00 when it was stolen and that his car was parked about 200 feet from the Eagles Lounge when the theft occurred.

## DISCUSSION AND DECISION

### Standard of Review

■ Gibson asserts that the evidence is insufficient to support his convictions for Attempted Auto Theft and Receiving Stolen Property. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Landress v. State* (1992), Ind.App., 600 N.E.2d 938, 940. Instead, we look to the evidence most favorable to the verdict together with all reasonable inferences to be drawn therefrom. *Id.* at 940. If there exists substantial evidence of probative value to establish every material element of an offense beyond a reasonable doubt, we will not disturb the verdict. *Clemens v. State* (1993), Ind., 610 N.E.2d 236, 243.

### Issue One:  Attempted Auto Theft

Under our criminal code, "[a] person attempts to commit a crime when, acting with the culpability required for the commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime." IND.CODE § 35–41–5–1. A person commits Class D felony auto theft when he "knowingly or intentionally exerts unauthorized control over the motor vehicle of another person, with intent to deprive the owner of any part of the vehicle's value or use." IND. CODE § 35–43–4–2.5. Pursuant to these statutes, Gibson was charged and convicted of Attempted Auto Theft.

■ Gibson challenges his conviction, arguing that there was insufficient evidence to prove that he intended to deprive Cunningham of any part of her vehicle's value or use. Because he never actually drove away in Cunningham's vehicle, Gibson maintains that the evidence at best supports a conviction for criminal conversion, which does not require an intent to deprive.

■ In order to sustain Gibson's conviction for Attempted Auto Theft, the evidence must prove that Gibson, acting with the intent to deprive Cunningham of the vehicle's value or use, engaged in conduct which constituted a substantial step toward

commission of the crime of auto theft. *Metzler v. State* (1989), Ind., 540 N.E.2d 606, 609. Therefore, we must examine the evidence of Gibson's intent at the time that he entered Cunningham's vehicle. Intent is a mental state, and the trier of fact must, absent an admission, resort to reasonable inferences based upon an examination of the surrounding circumstances to determine whether, from the person's conduct and the natural consequences that might be expected from that conduct, there exists a showing or inference of the intent to commit that conduct. *Id.* at 609.

▆▆▆ Gibson entered Cunningham's car without her permission, revved the engine and attempted to shift the car into gear. He continued this behavior while ignoring Cunningham's pleas to get out of the car and while her son sat fastened in a car seat inside the car. Gibson deprived her of the use of her car for at least a minute.[3] The only impediment to Gibson's ability to move the car was the brake lock. This evidence is sufficient to support an inference by the jury that Gibson intended to deprive Cunningham of the car's use.

▆▆▆ We next determine whether the evidence is sufficient to prove that Gibson engaged in conduct which constituted a substantial step toward commission of the crime of auto theft. "A substantial step is any overt act beyond mere preparation and in furtherance of the intent to commit the offense." *Hughes v. State* (1992), Ind. App., 600 N.E.2d 130, 131. When determining whether the defendant has taken a substantial step toward a crime, "the focus is on what has been completed, not on what remains to be done." *Id.* at 132. By entering Cunningham's vehicle without her per-

mission, revving the engine and attempting to shift the car into gear, Gibson performed overt acts in furtherance of his intent to steal Cunningham's vehicle. Although he was prevented by the brake lock from driving away in the vehicle, he completed steps which indicated that intent. Thus, the evidence is sufficient to prove that Gibson engaged in conduct which constituted a substantial step toward commission of the crime of auto theft because he knowingly or intentionally exerted unauthorized control over Cunningham's vehicle, with intent to deprive Cunningham of its use.

### Issue Two: Receiving Stolen Property

▆▆▆ A person who "knowingly or intentionally receives, retains, or disposes of the property of another person that has been the subject of theft," commits Receiving Stolen Property, a Class D felony. IND. CODE § 35–43–4–2(b). Gibson maintains his conviction under the retaining stolen property provision of this statute should be reversed because there was insufficient evidence to establish that he knew Williams' wallet was stolen and the only evidence the State presented was that Gibson had property in his possession that belonged to another. We disagree.

Gibson is correct in his contention that had he merely possessed the property without any evidence that he knew that the property was stolen, his conviction for receiving stolen property could not stand. "The unexplained possession of recently stolen property will support a conviction for theft, but not for receiving stolen property. To sustain a conviction for the latter, the defendant must have knowledge of the stolen character of the property." *Byrd v.*

---

3. At trial, Gibson contended that because he was intoxicated on the evening of April 17, he was incapable of forming the requisite intent to commit attempted auto theft. However, voluntary intoxication is not a defense in criminal proceedings unless it can be shown that the accused was so intoxicated that he was incapable of forming the requisite intent. *Duffy v. State* (1981), 275 Ind. 191, 196, 415 N.E.2d 715, 718. Further, the intoxication defense cannot prevail if the evidence shows the defendant had the ability to perform tasks such as attempting

to hide his crime or to take himself from place to place immediately following the crime. *Hughett v. State* (1990), Ind., 557 N.E.2d 1015, 1018. On the evening of April 17, Gibson was able to walk without assistance, to run, to communicate and to attempt to conceal items inside his boot. Record at 858, 864, 866–67, 916, 986, 998–1000. One arresting officer testified that Gibson "seemed rational." Record at 1034. Thus, the evidence is sufficient to negate Gibson's intoxication defense and to support a finding that he was capable of forming the requisite intent to commit attempted auto theft.

*State* (1992), Ind.App., 605 N.E.2d 231, 234; *see also Stone v. State* (1990), Ind., 555 N.E.2d 475, 477. However, here we conclude there was evidence which, when considered with the fact that Gibson was in possession of Williams' property at the time of his arrest, was sufficient to support the reasonable inference by the jury that Gibson knew the property was stolen.

■ Under a former version of our theft statute, a conviction for receiving stolen property required evidence that the defendant knew the property had been "stolen by another." [4] *See* IND.CODE § 10–3030 (Burns 1963). In 1976 the legislature deleted the requirement that the property be "stolen by another." *See* IND.CODE § 35–43–4–2 (1977). Then, in 1979, the legislature removed receiving stolen property from the broad category of theft, made it a separate offense and added the requirement that the property be property "that has been the subject of theft." *See* IND. CODE § 35–43–4–2; *Walden v. State* (1989), Ind.App., 538 N.E.2d 288, 291, *trans. denied.* None of the reported cases decided since the statute was amended in 1976 and again in 1979 have addressed the legislature's deletion of the "stolen by another" provision or its effect on the nature of proof required to convict a defendant of receiving stolen property. We determine that when the legislature deleted the element of property "stolen by another" and later added the element of property "that has been the subject of theft," it was the legislature's intention that the state not be required to prove the presence of a third-party thief in order to convict a defendant of receiving stolen property. The statute does not require as an element of the of-

fense any consideration of who may have actually stolen the property.[5]

We considered similar facts in *Butcher v. State* (1992), Ind.App., 597 N.E.2d 357, *trans. denied,* where the defendant was convicted of receiving stolen property based upon his possession of stolen coins and his apparent knowledge that the coins were stolen. *Id.* at 358–59. Butcher's knowledge that the coins were stolen was inferred because he lied about cashing in the coins, lied about his possession of large amounts of other coins and changed his explanation about how he came to possess the coins. *Id.* at 359. We held that while there was no evidence establishing the identity of the thief, there was sufficient evidence to prove Butcher had knowledge the coins were stolen. We also held that the jury could have deduced that the coins were stolen by someone other than Butcher and, thus, that a conviction for receiving stolen property was proper. Thus, in *Butcher,* we did not address the legislature's deletion of the "stolen by another" requirement from the statute.

Here, Gibson did not testify, but Gibson's mother testified at trial that she drove Gibson to the Eagles Lounge on the evening of April 17 and asked him to wait in the car while she went inside to find his father. She explained that when she stepped out of the car she found a wallet lying on the ground, that she threw it in the truck with Gibson and that she intended to ask his father to find the owner of the wallet because he was familiar with the regular patrons of the lounge. When Gibson's mother and father exited the lounge, Gibson was gone. Williams testified that his wallet was stolen from the front seat of his

**4.** Burns Indiana Statutes Annotated § 10–3030(f) read as follows:
"A person commits theft when he knowingly obtains control over stolen property knowing the property to have been stolen *by another,* which knowledge may be inferred from the possession of such stolen property, wherever the theft may have occurred." (emphasis added.)

**5.** Recently, in *Hunt v. State* (1992), Ind.App., 600 N.E.2d 979, our court held that "the gravamen of the offense charged is the defendant's guilty knowledge that the property had been

stolen by another." *Id.* at 980–81. In *Hunt,* we said that pursuing a receiving theory required some evidence of a third party thief. However, *Hunt* relied upon *Saucerman v. State* (1990), Ind.App., 555 N.E.2d 1351, 1353, which cited *Miller v. State* (1968), 250 Ind. 338, 236 N.E.2d 173, for the proposition that knowing the property to have been stolen by another is an element of the offense. *Miller* relied on the prior version of the theft statute, which contained the "stolen by another" language. *See* n. 4, *supra.* Thus, we decline to follow *Hunt.*

car, which was parked approximately 200 feet from the Eagles Lounge on that evening.

 The evidence shows that the property in question was stolen property and that Gibson was present in the vicinity of the theft at about the time it occurred. Later, Gibson attempted to evade the police. Flight is a circumstance which the trier of fact may consider, in connection with other evidence presented, to find guilt. *See Daniel v. State* (1988), Ind., 524 N.E.2d 1275, 1278. Gibson also removed the contents from the wallet, attempted to conceal various items on his person after his arrest and physically resisted efforts by officers to determine what he was hiding. A defendant's knowledge that property is stolen may be inferred from circumstances surrounding possession, and attempts to conceal evidence may be considered by the jury as revealing consciousness of guilt. *Stone*, 555 N.E.2d at 477 (evidence sufficient to prove that appellant knew items on premises were stolen when appellant's brother had committed several burglaries in area, appellant concealed items under tarp and harassed officers to prevent them from discovering items). In sum, Gibson's furtive behavior was inculpatory.

 From these facts, the jury could have inferred that Gibson knowingly received or retained the property of another that had been the subject of theft. On appeal, circumstantial evidence may be sufficient to support a conviction, and it is not necessary that every reasonable hypothesis of innocence be overcome. It is only necessary that an inference which supports the verdict may reasonably be drawn. *Perry v. State* (1992), Ind.App., 585 N.E.2d 715, 717.

Gibson was charged with retaining stolen property. As a result of the legislature's deletion of the "stolen by another" language from the statute, the state need not prove that the property in question was stolen by some third person but only that the property of another was the subject of theft and that the defendant knew it was stolen when he received, retained or disposed of it. The state met that evidentiary burden.

### CONCLUSION

We conclude that the evidence was sufficient to support Gibson's convictions for Attempted Auto Theft and Receiving Stolen Property.

The judgment of the trial court is affirmed.

BAKER and GARRARD, JJ., concur.