**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 04 2013, 8:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY L. SANFORD**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES D. GILLIAM, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1210-CR-432 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable R.W. Chamblee, Jr., Judge
Cause No. 71D08-1201-FD-55

**June 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Charles D. Gilliam appeals his jury conviction of receiving stolen property, a Class D felony. Ind. Code § 35-43-4-2(b) (2009). We affirm.

In the early morning hours of January 14, 2012, South Bend resident Rosa Garza went outside and saw that someone had broken into her garage through a window. Her snow blower had been stolen. Garza saw a trail through the snow where the snow blower had been dragged away. The last time Garza had seen the snow blower was at 5:00 p.m. the previous evening.

Garza called the police, and Officer Corey Calvert went to her house. He and other officers followed the snow blower's tracks through the snow, which led through alleys and backyards into a fenced yard and up to the back door of a house. An officer knocked on the house's front door. Gilliam opened the door. When Calvert asked him about a "stolen snow blower," Gilliam "said he knew what [Calvert] was talking about and he had a snow blower in his possession." Tr. p. 100. Gilliam's girlfriend retrieved Garza's snow blower from the kitchen and brought it to the officers. Gilliam told the officers that two men had arrived at his house with the snow blower and asked if he would like to purchase it. He was only able to provide a "brief description" of each male. Id. at 110. As he was being transported to jail, Gilliam pointed out a possible residence for the two men.

The State charged Gilliam with receiving stolen property. A jury convicted him, and the trial court sentenced him accordingly. This appeal followed.

Gilliam raises one issue, which we restate as: whether the evidence is sufficient to sustain his conviction. When an appellant challenges the sufficiency of the evidence, we

2

do not reweigh the evidence or judge the credibility of the witnesses. Joslyn v. State, 942 N.E.2d 809, 811 (Ind. 2011). We consider only the probative evidence and reasonable inferences supporting the verdict, and we will affirm if the evidence and reasonable inferences could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

In order to convict Gilliam of receiving stolen property as a Class D felony, the State was required to prove beyond a reasonable doubt that Gilliam (1) knowingly or intentionally (2) received, retained, or disposed of (3) the property of another person (4) that has been the subject of theft. See Ind. Code § 35-43-4-2(b).

To sustain a conviction for receiving stolen property, the State must show that the defendant had knowledge of the stolen character of the property. Stone v. State, 555 N.E.2d 475, 477 (Ind. 1990). Knowledge that property is stolen may be inferred from the circumstances surrounding the possession. Id. Furthermore, attempts to conceal evidence may be considered by the jury as revealing consciousness of guilt. Id. Knowledge of the stolen character of property may not be inferred solely from the unexplained possession of recently stolen property. Fortson v. State, 919 N.E.2d 1136, 1143 (Ind. 2010).

Here, Gilliam argues the evidence fails to establish that he knew the snow blower had been stolen. We disagree. The snow blower's tracks led directly to the back door of Gilliam's residence. Taking at face value Gilliam's statement to Calvert that he bought the snow blower, then the circumstances of the purchase are that two individuals who

3

Gilliam hardly knew arrived at his back door in the evening, unsolicited, to ask if he wanted to buy it. These are questionable circumstances, to say the least.

Next, Gilliam placed the snow blower in his kitchen instead of leaving it outside, which a reasonable finder of fact could have interpreted as concealment. Finally, when Calvert asked Gilliam about a "stolen" snow blower, Gilliam told Calvert he knew what Calvert was talking about. Tr. p. 100. This is sufficient evidence for a reasonable finder of fact to conclude that Gilliam knew the snow blower was stolen. Gilliam argues that the police should have investigated the two men who sold him the snow blower, but this is a request to reweigh the evidence, which we may not do.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

ROBB, C.J., and BAILEY, J., concur.