## MEMORANDUM DECISION



FILED

Jul 26 2016, 8:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Hugo Hernandez-Diaz,
*Appellant-Defendant*,

v.

State of Indiana,
*Appellee-Plaintiff*.

July 26, 2016

Court of Appeals Case No.
49A05-1511-CR-1882

Appeal from the Marion Superior Court

The Honorable Stanley E. Kroh, Magistrate

Trial Court Cause No.
49G03-1501-F1-584

**Brown, Judge.**

[1] Hugo Hernandez-Diaz appeals his conviction for attempted child molesting as a class A felony. Hernandez-Diaz raises two issues which we revise and restate as:

> I. Whether the evidence is sufficient to sustain his conviction for attempted child molesting as a class A felony; and
>
> II. Whether the trial court erred in determining he is a credit restricted felon.

We affirm and remand.

## Facts and Procedural History

[2] In the summer of 2014, M.S. was nine years old and resided with her two brothers and her mother E.M. Hernandez-Diaz, who was E.M.'s boyfriend, was born in November 1975, and M.S. called him "Dad." Transcript at 22. On one day soon after school ended on June 4th, Hernandez-Diaz told M.S. to touch his penis. M.S. did not reply, pretended that she did not hear, and went outside to play with her brothers.

[3] At another time, Hernandez-Diaz told M.S.'s brother to leave the room, and Hernandez-Diaz locked the door. Hernandez-Diaz made M.S. pull her pants down. According to M.S., while she was on her back, Hernandez-Diaz "start[ed] to touch me – well – with his private part and tries to put it into my front part, but I told him to stop because it hurted me." *Id.* at 30-31. Also according to M.S., Hernandez-Diaz "had his private close to mine and he pushed my -- he pushed my legs behind him and he started to do that, put his private -- he tried to put his private into my front part, my private." *Id.* at 38.

M.S. "stopped him because [she] said it hurt." *Id.* M.S. referred to her vagina as her "front part" and her "private." *Id.* at 31. Hernandez-Diaz then "made [M.S.] go into a crawling position" on her hands and knees on the bed and tried to insert his penis "into [her] butt." *Id.* at 31-32.

[4] Later in the summer, Hernandez-Diaz was in E.M.'s room with M.S., closed the door, made M.S. remove her clothes, and removed his clothes. Hernandez-Diaz placed baby oil on his penis and inserted his penis into M.S.'s butt, which felt painful to M.S. Later in the year around the fall, Hernandez-Diaz locked M.S. in a room and made her remove her clothes. Hernandez-Diaz made M.S. "go in that same – the crawling position" and he tried to place his penis into her butt. *Id.* at 37. Hernandez-Diaz "tried to, but [M.S.] didn't let him," and M.S. did not remember if his penis went into her "butt even a little bit." *Id.* Hernandez-Diaz told M.S. that, if she ever told anyone, he was "going to hit" her, and M.S. "got really scared about that." *Id.* at 36-37. After one of the times, Hernandez-Diaz told M.S. to "use the restroom and he said to do number two," and she did and "saw white stuff in the toilet." *Id.* at 35. At one point "when this was happening," M.S. asked Hernandez-Diaz what he was doing, and "[h]e said, it's okay" and said "I did this to my daughter before." *Id.* at 40.

[5] On New Year's Eve of 2014, M.S. told her mother E.M. what had happened. When E.M. confronted Hernandez-Diaz, he told her that "the girl is growing up and she wants to – she starts to wanting to see things, to experiment things," that "the girl asked him that he – wanted to see, she wanted to touch, she

wanted to see how he was," that he "just took her to the room and showed her because she wanted to see," and that he "never hurt her." *Id.* at 74. "He said that, yes, they went to the bedroom and that the girl by herself took off her clothes. And that she was the one that put herself in that position. That he just got close to her and tried to penetrate her, but he didn't do it." *Id.* at 75.

[6] On January 6, 2015, the State charged Hernandez-Diaz with Count I, attempted child molesting for attempting to place his penis in M.S.'s vagina as a class A felony; Count II, attempted child molesting as a level 1 felony; Count III, child molesting for performing or submitting to other sexual conduct as defined by Ind. Code § 35-31.5-2-221.5 with M.S. as a level 1 felony; Count IV, child molesting as a level 1 felony; Count V, child molesting as a level 4 felony; Count VI, child molesting as a level 4 felony; and Count VII, child solicitation for engaging in fondling or touching intended to arouse or satisfy the sexual desires of Hernandez-Diaz or M.S. as a class D felony. Following a bench trial, the court found Hernandez-Diaz guilty on Counts I, III, and VII, and not guilty on the other counts. The court sentenced Hernandez-Diaz to thirty-five years with five years suspended for his convictions under Counts I and III and three years on his conviction under Count VII. The court ordered the sentences to be served concurrently. The court also determined that Hernandez-Diaz was a credit restricted felon.

## *Discussion*

## I.

[7]   The first issue is whether the evidence is sufficient to sustain Hernandez-Diaz's conviction for attempted child molesting as a class A felony under Count I.[1] When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

[8]   Hernandez-Diaz contends that the State failed to prove that he knowingly or intentionally attempted to place his penis in M.S.'s vagina or that he took a substantial step toward commission of sexual intercourse with M.S., that M.S.'s testimony was conflicting, that she first testified that he tried to put his private part into her private part but later testified that his penis touched only her bottom, and that M.S. appeared to assert that all of Hernandez-Diaz's attempted contacts were with her buttocks, not her vaginal area. He also argues that the State failed to prove that the undressing of himself and M.S. was a

---

[1] Hernandez-Diaz does not challenge his conviction for child molesting as a level 1 felony under Count III or his conviction for child solicitation as a class D felony under Count VII.

substantial step toward the commission of child molesting as charged in Count I.

[9] The State maintains that the evidence is sufficient to sustain Hernandez-Diaz's conviction on Count I and that he tried "to put his private in the front part of her private, by which M.S. meant her vagina, but she told him to stop because it hurt." Appellee's Brief at 12. The State argues that M.S.'s statements alone are sufficient to support Hernandez-Diaz's conviction, that the trial court deemed M.S.'s statements credible, and that this court may not reweigh this evidence on appeal.

[10] At the time of the offense, Ind. Code § 35-42-4-3(a) provided:

> A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if . . . (1) it is committed by a person at least twenty-one (21) years of age. . . .

(Subsequently amended by Pub. L. No. 158-2013, § 439 (eff. July 1, 2014); Pub. L. No. 247-2013, § 6 (eff. July 1, 2014); Pub. L. No. 168-2014, § 68 (eff. July 1, 2014); and Pub. L. No. 187-2015, § 48 (eff. July 1, 2015)). The culpability requirement of the child molesting statute is knowingly or intentionally. *See Louallen v. State*, 778 N.E.2d 794, 798 (Ind. 2002). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so," and "[a] person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so."

Ind. Code § 35-41-2-2. "Sexual intercourse" means "an act that includes any penetration of the female sex organ by the male sex organ." Ind. Code § 35-31.5-2-302.

[11] Ind. Code § 35-41-5-1(a) provided in part at the time that "[a] person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime" and that "[a]n attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted." (Subsequently amended by Pub. L. No. 158-2013, § 408 (eff. July 1, 2014); Pub. L. No. 247-2013, § 5 (eff. July 1, 2014); and Pub. L. No. 168-2014, § 64 (eff. July 1, 2014)). A "substantial step" toward the commission of a crime, for purposes of the crime of attempt, is any overt act beyond mere preparation and in furtherance of intent to commit an offense. *Hughes v. State*, 600 N.E.2d 130, 131 (Ind. Ct. App. 1992). Whether a defendant has taken a substantial step toward the commission of the crime is a question of fact to be decided by the trier of fact based on the particular circumstances of the case. *Id.* When determining whether the defendant has taken a substantial step toward a crime, the focus is on what has been completed, not on what remains to be done. *Id.* at 132.

[12] The State alleged in Count I:

> On or about or between June 1, 2014 and June 30, 2014, Hugo Hernandez-Diaz, a person of at least twenty-one (21) years of age, did attempt to commit the crime of Child Molesting, which is to perform or submit to sexual intercourse with [M.S.], a child under the age of fourteen years, to-wit: nine (9) years of age by

engaging in conduct which constitutes a substantial step toward the commission of said crime of Child Molesting, that is: Hugo Hernandez-Diaz while not wearing any clothing made [M.S.] remove her clothing then attempted to place his penis in her vagina[.]

Appellant's Appendix at 26.

[13] Hernandez-Diaz asserts the State did not prove that he knowingly or intentionally took a substantial step toward performing or submitting to sexual intercourse with M.S. *Mens rea* can be established by circumstantial evidence and inferred from the defendant's conduct and the natural and usual sequence to which such conduct reasonably points. *Boling v. State*, 982 N.E.2d 1055, 1057 (Ind. Ct. App. 2013) (citing *C.L.Y. v. State*, 816 N.E.2d 894, 905 (Ind. Ct. App. 2004) ("The intent element of child molesting may be established by circumstantial evidence and inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points."), *trans. denied*).

[14] The evidence most favorable to Hernandez-Diaz's conviction on Count I is the testimony of M.S. When asked to refer to a picture of a male figure and point to the area she called the "private," M.S. pointed to the penis of the male figure on the picture. Transcript at 26. When asked to refer to a picture of a female figure and to point to parts of the girl's body and state her words for them, M.S. pointed to the butt of the female figure and indicated that she calls that area the butt. M.S. then pointed to the vagina of the female figure and indicated that she refers to the area as "[t]he private." *Id.* at 27. When asked to further explain what a girl does "with this part of the body that [she] labeled a private,"

M.S. answered: "I do number one with it. And my mom tells me that a girl may have a period, blood coming down from I don't know where, she didn't tell me where." *Id.* at 27-28. M.S. also stated: "I learned it last year in fourth grade." *Id.*

[15] M.S. testified that Hernandez-Diaz told her brother to leave the room and that he then locked the door and made her pull her pants down. M.S. testified: "And then he – he takes off his part of the clothes and then he starts to touch me – well – with his private part and tries to put it into my front part, but I told him to stop because it hurted me." *Id.* at 30-31. When asked "[w]hen you say front part, did you call that something else when you were looking at the diagram," M.S. replied: "Private. My private." *Id.* at 31. When asked "what position were you in when [Hernandez-Diaz] tried to put his private into your front part or your private," M.S. testified "I was in a laying-down position until I told him to stop." *Id.* When asked "[w]ere you on your back or your stomach," she answered "I was on my back. And then I – and then I told him to stop. And then he made me go into a crawling position." *Id.*

[16] Later during M.S.'s testimony, the prosecutor stated "we are going to go back to the time . . . where the defendant tried to put his private into your private" and "you stated that you are lying on your back," and asked "[c]an you describe what he did to try to do this," M.S. testified: "I don't know if I can remember, but all I can remember is that he just tried to do that. So then I stopped him because I said it hurt." *Id.* at 38. The prosecutor asked "[s]o when you say he tried to do that, describe actually the act that he was doing, what he

was doing," M.S. testified "[h]e had his private close to mine and he pushed my – he pushed my legs behind him and he started to do that, put his private – he tried to put his private into my front part, my private." *Id.* When asked "was his private touching your body at all at that time," M.S. answered, "[n]o, not that I remember from," and when asked "[i]t wasn't touching any part of your body," she answered "[h]is hands or – I don't understand what you mean." *Id.* at 38-39. When then asked "[w]here were his hands," M.S. testified: "His hands weren't anywhere. It was just his private part touching my private part trying to put it in it." *Id.* at 39. When asked "[s]o his private part was touching your private part," M.S. stated "[y]eah, but – but it hurted me so I told him to stop." *Id.*

[17] On cross-examination, defense counsel asked M.S. what she told her mom Hernandez-Diaz did to her, and M.S. answered "I said he made me pull my pants down . . . three times and made me – and then he did it to him and then he put his private part into my bottom" and "then she started crying. And I told her what happened all three times." *Id.* at 52. When asked "[s]o what – all three times you were in a crawling position, right," M.S. replied "[y]es, except for one" and "[e]xcept for before I got in a crawling position, he made me lay down on my back." *Id.* at 53. When then asked "[t]he first time, you were laying on your back, right," M.S. stated "[y]eah." *Id.*

[18] On redirect examination, the prosecutor asked "[s]o the first time – the time that you were laying on your – lying on your back and he tried to put his private in your private, you stated that his private touched your private; is that right,"

and M.S. testified "[y]es. Except that his private just didn't go into my – into my private, it just touched it." *Id.* at 56. A reasonable trier of fact could infer from Hernandez-Diaz's conduct and the natural and usual sequence to which his conduct reasonably points that he knowingly and intentionally took a substantial step toward the "penetration of the female sex organ" of M.S. by his "male sex organ." *See* Ind. Code § 35-31.5-2-302.

[19] Based upon the record, we conclude that the State presented evidence of a probative nature from which a reasonable trier of fact could find beyond a reasonable doubt that Hernandez-Diaz committed the crime of attempted child molesting as a class A felony under Count I. *See Boling*, 982 N.E.2d at 1057-1058 (noting that the victim testified that the defendant "touched her 'front private' first over her underwear and then under her underwear, directly on her skin," that "[t]he natural and usual sequence to which such conduct reasonably points is that [the defendant] had taken a substantial step toward inserting his finger or fingers into [the victim's] vagina," and that a reasonable jury could find that the defendant had attempted to commit deviate sexual conduct, and holding that the evidence was sufficient to support the defendant's conviction of attempted child molesting as a class A felony).

II.

[20] The next issue is whether the trial court erred in determining Hernandez-Diaz is a credit restricted felon with respect to Count I. Ind. Code § 35-31.5-2-72 provides in part:

"Credit restricted felon" means a person who has been convicted of at least one (1) of the following offenses:

    (1)    Child molesting involving sexual intercourse, deviate sexual conduct (IC 35-42-4-3(a), before its amendment on July 1, 2014) for a crime committed before July 1, 2014, or other sexual conduct (as defined in IC 35-31.5-2-221.5) for a crime committed after June 30, 2014, if:[2]

        (A)    the offense is committed by a person at least twenty-one (21) years of age; and

        (B)    the victim is less than twelve (12) years of age.

    (2)    Child molesting (IC 35-42-4-3) resulting in serious bodily injury or death.

    (3)    Murder (IC 35-42-1-1), if:

        (A)    the person killed the victim while committing or attempting to commit child molesting (IC 35-42-4-3) . . . .

[21] In *Boling*, we observed that "section 35-31.5-2-72 includes the statutory citations for the crimes which qualify one for the status of credit restricted felon, but does not include the citation for the attempt statute," that "in section (3) of the statute, the legislature specifically states that murder qualifies one as a credit restricted felon if it was committed while the defendant was "committing or

---

[2] Prior to July 1, 2014, Ind. Code § 35-31.5-2-72(1) provided: "Child molesting involving sexual intercourse, or deviate sexual conduct (IC 35-42-4-3(a), if:" *See* Pub. L. No. 158-2013, § 363 (eff. Jul. 1, 2014). Other than the changes to subsection (1), no other amendments were made to Ind. Code § 35-31.5-2-72 effective July 1, 2014. *See id.*

*attempting to commit* child molesting," that "[t]hus, within the same statute, the legislature has explicitly included attempted child molesting," and that, "[i]f it had intended to do so with respect to section (1), the relevant section here, it also would have done so explicitly." 982 N.E.2d at 1059. We concluded that a person convicted of attempted child molesting is not a credit restricted felon pursuant to Ind. Code § 35-31.5-2-72(1). *Id.* at 1059-1060.

[22] Hernandez-Diaz argues that the credit restricted felon statute does not apply to persons convicted of attempted child molesting and, "[a]ccordingly, [he] requests this Court reverse the determination that he is a credit restricted felon as to his Attempted Child Molesting conviction." Appellant's Brief at 15.

[23] The State "agrees that [Hernandez-Diaz] is not a credit restricted felon with respect to his conviction for attempted child molesting under the statute," but argues that "reversal or even remand might not be necessarily required here" because Hernandez-Diaz "is still a credit restricted felon for purposes of his conviction for Level 1 felony child molesting." Appellee's Brief at 15. The State notes that Hernandez-Diaz does not challenge his conviction on Count III, that the sentencing order and abstract of judgment merely state that he is a credit restricted felon and neither expressly state that he is credit restricted for the attempted child molesting conviction, and that the court ordered concurrent sentences on Counts I and III, and it argues that "a reversal of the trial court's determination on one conviction will not have any effect on the length of [Hernandez-Diaz's] overall sentence or the fact he is a credit restricted felon for purposes of his Level 1 felony child molesting conviction." *Id.*

[24] In reply, Hernandez-Diaz argues that the chronological case summary ("CCS") "unambiguously reflects the trial court's explicit finding that [he] is a credit restricted felon only as to his Attempted Child Molesting conviction," that "the trial court never made any explicit ruling that the State had proven [he] was a credit restricted felon pursuant to I.C. 35-31.5-2-72 as to the Level 1 felony Child Molesting conviction," and that, "even if [he] is a credit restricted felon with respect to the Level 1 felony Child Molesting conviction, the record must be corrected in case [he] later obtains reversal of that conviction through a petition for postconviction relief or other means." Appellant's Reply Brief at 5-6.

[25] At sentencing, the trial court stated "it just occurred to the Court that Mr. Diaz may qualify as a credit restricted felon due to the age of the victim in that the victim of the offenses in Count I and III was – the evidence showed was under the age of 12 and you over the age of 21." Transcript at 135. The court later stated: "So the earned credit time would be then the 49 additional days. I don't believe this affects the earned credit time on Count VII so you would receive the 294 days earned credit time plus 294 days of earned credit time." *Id.* at 136.

[26] The court's sentencing order, under the heading "Sentencing Conditions," states "Abstract: Credit Restricted Felon," Appellant's Appendix at 19, and the abstract of judgment, in the field for "Credit Restricted Felon," states "Yes." *Id.* at 17. Neither the sentencing order nor the abstract of judgment appear to specify the conviction which qualifies Hernandez-Diaz for the status of credit restricted felon.

However, the trial court's CCS includes several entries regarding Hernandez-Diaz's sentences, one of which states in part:

> 1. 35-42-4-3(a)(1)/FA:  Child Molesting-intercourse or deviate sex with victim less than 14 and Def. is (Attempt to Commit) . . .
>
> Condition - Adult:
>
> > 1.  Abstract: Credit Restricted Felon, 10/23/2015, Active 10/23/2015 . . . .

*Id*. at 14.  The next entry in the CCS states in part:

> 3.  35-42-4-3(a)(1)/F1:  Child Molesting where def. is at least 21 years of age. . . .
>
> Concurrent with Prior Sentence: to count 1.

*Id.* at 14-15.

We note that, in accordance with *Boling*, a person convicted of attempted child molesting is not a credit restricted felon pursuant to Ind. Code § 35-31.5-2-72(1).  *See* 982 N.E.2d at 1059-1060.  Thus, Hernandez-Diaz is not a credit restricted felon based on his conviction for attempted child molesting as a class A felony under Count I.  Nevertheless, he is a person who has been convicted of child molesting involving other sexual conduct under Count III, and, pursuant to Ind. Code § 35-31.5-2-72(1), he is a credit restricted felon on that basis.

We remand with instructions to clarify that Hernandez-Diaz is a credit restricted felon on the basis that he is a person who has been convicted of child

molesting involving other sexual conduct under Count III and not on the basis of his other convictions.

## *Conclusion*

[30] For the foregoing reasons, we affirm Hernandez-Diaz's conviction for attempted child molesting as a class A felony under Count I and remand with instructions to clarify that Hernandez-Diaz is a credit restricted felon in that he is a person who has been convicted of child molesting involving other sexual conduct under Count III.

[31] Affirmed and remanded.

Baker, J., and May, J., concur.