**138**

Donald Dewayne TATUM a/k/a Donald Taylor, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 2–685A197.[1]

Court of Appeals of Indiana, First District.

Nov. 19, 1985.

Rehearing Denied Jan. 3, 1986.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Defendant-appellant Donald Tatum (Tatum) appeals from a judgment of conviction for attempted rape and burglary.

We affirm.

The facts most favorable to the judgment of conviction are as follows. Tatum was a guest in the home of Lois Mitchell on October 26, 1984. Tatum did not leave the Mitchell residence until 1:00 a.m. After Tatum departed, Mitchell locked her doors, closed the kitchen window and went to bed.

At approximately 5:30 a.m., on the morning of October 27, 1984, Tatum returned to the Mitchell residence. Tatum entered the bedroom where Mitchell's three children were sleeping, and he sat down on the bed of thirteen-year-old I.M. Tatum pushed I.M.'s shoulders down, put his hand over her mouth and placed himself on top of her. I.M. kicked Tatum off of her, and he ran from the room with his pants down.

A two-count information was filed against Tatum charging him with Burglary, a Class B felony, and Attempted Rape, a Class B felony. The trial court found Tatum guilty of the charged offenses. On appeal, Tatum questions whether the conviction for attempted rape is supported by sufficient evidence.[2]

1. Diverted from the Second District by direction of the Chief Judge.

2. Tatum suggests that his conviction for burglary cannot stand if the evidence is insufficient to support the independent felony of attempted rape. Without addressing whether Tatum's argument is a correct statement of the law, we note that the evidence was sufficient to establish the independent felony of attempted rape.

When presented with a challenge to sufficiency of the evidence, the court of appeals neither reweighs the evidence nor assesses the credibility of the witnesses. Only the evidence most favorable to the State, together with all reasonable and logical inferences arising therefrom, will be considered. The conviction will be affirmed if there is evidence of probative value from which a reasonable trier of fact could infer guilt beyond a reasonable doubt. *Dilworth v. State,* (1981) Ind., 425 N.E.2d 149.

Tatum contends that the evidence serving to show that he took a substantial step toward commission of the crime of rape was insufficient. IND.CODE § 35–41–5–1 (1982) defines attempt as follows:

A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime.

IND.CODE § 35–42–4–1 (1982) provides a definition of rape:

A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when: (1) the other person is compelled by force or imminent threat of force ... commits rape, a Class B felony.

 Construing the two statutes together, the Indiana Supreme Court determined that a conviction for attempted rape is supported by sufficient evidence when one can logically find beyond a reasonable doubt that the attacker intended to accomplish penetration by the use of force or imminent threat of force and that he took a substantial step toward accomplishment of that result. *Dillon v. State,* (1983) Ind., 448 N.E.2d 21, 24. The fact that a defendant may not attempt to, or is ultimately unsuccessful in, removing his victim's clothing, removing his own clothing, or removing his penis from his clothing does not lead to the conclusion that such defendant lacked the requisite intent or that he did not take a substantial step toward committing the offense of rape. *Dilworth v.*

*State, supra,* at 150; *Neice v. State,* (1981) Ind., 421 N.E.2d 1109, 1111. Moreover, the fact that a defendant does not specifically inform his victim of his intent to rape her, or the fact that a defendant does not actually attempt penetration does not render the evidence insufficient. *Dilworth v. State, supra,* at 150; *Pethtel v. State,* (1981) Ind.App., 427 N.E.2d 891, 896.

 In the instant case, Tatum restrained I.M., silenced her protests, and assumed a position consistent with a plan to accomplish penetration. The evidence was sufficient to support the conviction for attempted rape.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.