Kamel M. OTT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–9412–CR–460.

Court of Appeals of Indiana,
Third District.

March 27, 1995.

Donald C. Swanson, Jr., Swanson & Campbell, Fort Wayne, for appellant.

Pamela Carter, Atty. Gen., Christopher L. LaFuse, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Kamel M. Ott appeals from his convictions for attempted rape, a Class A felony; battery, a Class C felony; and battery, a Class A misdemeanor.

On June 10, 1993, L.C. and her friends went to a dance club located in the Fort Wayne, Indiana, Marriott Hotel. At approximately midnight, L.C. went to the women's rest room. L.C. heard a man enter the rest room. Believing that he had inadvertently entered the wrong rest room, L.C. waited a few moments before exiting the stall which she had entered.

Upon exiting the stall, L.C. was struck in the face by Ott and knocked to the ground. L.C. attempted to stand and started to scream; Ott responded by sticking his fingers down her throat and choked her until she lost consciousness. When L.C. regained consciousness, Ott threatened that he had a gun and stated that if L.C. wanted to live, she would do as he said. Ott then ordered L.C. to take off her pants. L.C. began unbuckling her belt. As Ott also began unbuckling his belt, L.C. attempted to escape by crawling under the stall. Ott caught L.C. and again beat her with his fists until she lost consciousness.

Elizabeth Schramm, a guest at the Marriott, opened the door to the women's rest room and saw a man's feet facing the wall inside a closed stall. As Schramm waited outside the rest room door for the man to exit, she heard a scream and some banging. Schramm informed the front desk personnel of the disturbance. When Schramm returned with a friend, Anthony Pagnanelli, to the hallway outside the women's rest room, she observed Ott run out the door.

Meanwhile, Marriott's director of loss prevention, Robert Fruchey, received a call from the front desk that a man was in the ladies' room. As Fruchey approached, he observed L.C. being dragged out of the rest room by Ott. Ott began running down the hall. Fruchey radioed for assistance and James Bufton, the night manager at the Marriott, responded to the call. As Bufton saw Ott running towards the exit, he stepped in front of the door, and Ott struck Bufton in the eye with his fist. Fruchey and Bufton eventually captured Ott and held him until the police arrived at the scene.

L.C.'s injuries included broken bones in her face, including the tip of her nose; a swollen neck and face; and bruises on her arms, knees and legs. L.C. underwent plastic surgery to reduce the swelling in her lip. Ott's blow to Bufton's face resulted in a black eye which lasted approximately two months.

Thereafter, Ott was charged with the attempted rape of L.C. causing serious bodily injury, a Class A felony (Count I); battery of L.C. causing serious bodily injury, a Class C felony (Count II); and battery of Bufton, a Class A misdemeanor (Count III). A jury found Ott guilty as charged and Ott was sentenced to forty-five years' imprisonment on Count I, six years on Count II, and one year on Count III to all be served consecutively.

Ott raises two issues for review:

(1) whether there is sufficient evidence to support his attempted rape conviction; and

(2) whether the trial court erred in sentencing him to consecutive terms of imprisonment for attempted rape causing serious bodily injury and battery causing serious bodily injury.

Ott challenges the sufficiency of the evidence to support his conviction for attempted rape. When reviewing the sufficiency of the evidence, this Court will neither reweigh the evidence nor determine the credibility of the witnesses. Rather, it will consider the evidence and the reasonable inferences therefrom which support the verdict. If there is sufficient evidence to support a finding of guilty beyond a reasonable doubt, this Court will affirm the conviction. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370, 1374.

IND. CODE § 35–42–4–1 (1992 Supp.) provides:

"A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when:

(1) the other person is compelled by force ...

commits rape, a Class B felony. However, the offense is a Class A felony ... if it results in serious bodily injury to a person other than a defendant."

To prove attempted rape, as a Class A felony, the State was required to show (1) Ott acted with the culpability required for commission of a Class A felony rape and (2) Ott engaged in conduct which constituted a substantial step towards the commission of that offense. *See* IND. CODE § 35–41–5–1 (1992 Supp.); *Hughes v. State* (1992), Ind.App., 600 N.E.2d 130, 131.

A substantial step is any overt act beyond mere preparation and in furtherance of the intent to commit the offense. *Hughes,* 600 N.E.2d at 131. Whether a defendant has taken a substantial step toward the commission of an offense, so as to be guilty of attempting to commit that offense, is a question of fact to be decided by the jury based upon the facts of the case. *Id.*

Here, the evidence shows that Ott entered the women's rest room, struck L.C. in the face, and choked her until she lost consciousness. When L.C. regained consciousness, Ott stated that he had a gun. He then ordered L.C. to remove her pants while he unbuckled his belt. When L.C. attempted to escape Ott by crawling under the rest room stall, Ott grabbed her by the legs and beat her until she again lost consciousness. Further, Pagnanelli testified that when he went to L.C.'s assistance after the attack her belt was undone, her pants were unzipped, she was semiconscious, and there was quite a bit of blood coming from her face. This evidence constitutes a substantial step toward the crime of rape, as a Class A felony, and is sufficient to sustain Ott's conviction. *See Seeley v. State* (1989), Ind., 547 N.E.2d 1089, 1091 (evidence that the defendant urged the victim towards her bed, forced his way into the bathroom behind her, knocked the victim to the floor, prevented her from screaming, and attempted to disrobe the victim was sufficient to support the defendant's conviction for attempted rape); *Tatum v. State* (1985), Ind.App., 485 N.E.2d 138, 139, *trans. denied* (fact that defendant does not specifically inform the victim of his intent to rape her, or the fact that he does not actually attempt penetration, does not render the evidence insufficient to support the defendant's conviction for attempted rape).

Ott also argues that the trial court erred in ordering that his convictions for attempted rape and battery of L.C. be served consecutively. Specifically, he contends that his convictions and sentences for both offenses violate the constitutional provisions against double jeopardy.

Two offenses are the same for the purpose of double jeopardy when the same act constitutes a violation of two distinct statutory provisions which do not require proof of an additional fact. *Wethington v. State* (1990), Ind., 560 N.E.2d 496, 506; *Hall v. State* (1986), Ind., 493 N.E.2d 433, 435. In Indiana, however, double jeopardy analysis does not end with an examination of the statutory provisions. The factual bases alleged by the State in the information must also be examined. *Derado v. State* (1993), Ind., 622 N.E.2d 181, 183; *Hall,* 493 N.E.2d at 435.

In pertinent part, Ott was charged as follows:

"COUNT I

... Kamel M. Ott, did attempt to commit the crime of Rape, to wit: by knowingly or intentionally attempting to have sexual intercourse with [L.C.], a member of the opposite sex, when said [L.C.] was compelled by force or imminent threat of force, to wit: by choking and repeatedly striking said [L.C.] while demanding that she remove her pants and then by unfastening his pants, which acts constitute a substantial step toward the commission of the crime of Rape, and which actions resulted in serious bodily injury to said [L.C.], to wit: unconsciousness. . . .

COUNT II

... Kamel M. Ott, did knowingly or intentionally touch [L.C.] in a rude, insolent or angry manner, to wit: by striking her repeatedly and choking her causing serious bodily injury, to wit: unconsciousness. . . ."

Ott was convicted and sentenced consecutively on both counts. In examining the charges, the repeated striking and choking was the

same conduct used to support the charge that Ott attempted to rape L.C. Thus, in the present case, the battery of L.C. was not a separate offense; it was a necessary element of the attempted rape *as charged.* Therefore, Ott's conviction for battery, as a Class C felony, must be vacated as violative of the prohibition against double jeopardy.

Affirmed in part, reversed in part and remanded with instructions for the trial court to vacate Ott's conviction for battery, as a Class C felony.

STATON and KIRSCH, JJ., concur.