**Jack WOODS, Sr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A03–9406–CR–229.**

Court of Appeals of Indiana.

Aug. 21, 1995.

---

Stanley L. Campbell, Swanson & Campbell, Fort Wayne, for appellant.

Pamela Carter, Attorney General, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Jack Woods, Sr. appeals from his convictions for dealing in cocaine, as Class A felonies, two counts; failure to pay the controlled substance excise tax, a Class D felony; and an habitual offender enhancement. The facts relevant to this appeal disclose Woods participated in two drug buys conducted by the Fort Wayne Police Department. Both occurred in a house located less than 1000 feet from Cani Head Start School, a building located on the property of St. Peter's Church. Woods was charged with two counts of dealing in cocaine within 1000 feet of a school and for violation of the controlled substance excise tax (CSET).

Prior to trial, the State requested the trial judge to take judicial notice of the fact Cani Head Start School was a school within the meaning of IND.CODE § 35–48–4–1 (1993 Ed.), the statute enhancing the sentence for drug offenses occurring within 1000 feet of a school. The trial judge noted that he and another judge had addressed the same question previously and had determined Cani was a school within the meaning of the statute, and stated his ruling would be the same.

Woods waived his right to a jury and was tried before the bench. After finding Woods guilty as charged, the court heard evidence and determined Woods to be an habitual offender. Woods was sentenced to thirty years' imprisonment for each of the two dealing charges and three years' imprisonment for failure to pay the CSET. The dealing convictions were enhanced by the habitual offender finding and the terms of imprisonment were ordered to be served concurrently. Woods now appeals.

Woods raises four issues for review. As restated, the issues are:

(1) whether the trial court erred in taking judicial notice Cani Head Start School is a school within the meaning of IND. CODE § 35–48–4–1;

(2) whether Woods' convictions for both dealing in cocaine and failure to pay the controlled substance excise tax violate the prohibition against double jeopardy;

(3) whether Woods' sentence of three years' imprisonment on Count IV was constitutionally disproportionate; and

(4) whether the evidence was sufficient to sustain the finding Woods was an habitual offender.

Woods first argues the trial court erred in taking judicial notice the Cani Head Start School was a "school" within the meaning of IND.CODE § 35–48–4–1. Prior to trial, the State, relying on a previous case in which the judge had ruled, asked the court to take judicial notice of the fact Cani Head Start School was a school within the meaning of IND.CODE § 35–48–4–1(b)(3). The court noted the issue had been raised in another case and stated that whether the court adopted the ruling in the previous case or entered a separate ruling on the issue, the result would be that Cani Head Start School was a school within the meaning of the statute.

■ A trial judge may take judicial notice of a fact which is either generally known within the territorial jurisdiction of the trial court, or is capable of accurate and ready determination by resorting to a source whose accuracy cannot reasonably be disputed. *Stewart v. Stewart* (1988), Ind.App., 521 N.E.2d 956, 959, n. 2, *trans. denied;* Ind. Rule of Evid. 201. However, as a general rule, a trial court may not take judicial notice of its own records in another case previously before the court even on a related subject and related parties. *Bane v. State* (1991), Ind.App., 579 N.E.2d 1339, 1340, *trans. denied.* Insofar as the trial court took judicial notice of its own records in another case without the proper admission of those records into evidence in the case now before this Court, it was in error.

■ Any error, however, created in taking judicial notice of the previous case was harmless. During the State's case-in-chief, Officer John Shank testified that the Cani Head Start School, housed in a free-standing building also known as the St. Peter's Cultural Center, was a school. Wood did not raise any objection to the officer's testimony, thereby waiving the issue for review. *See Chandler v. State* (1991), Ind., 581 N.E.2d

1233, 1237 (defendant may not raise as error an objection not properly preserved at trial). Moreover, the Indiana Code section which enhances a dealing in cocaine charge from a B to an A felony specifically provides that "school property" includes Head Start programs. IND.CODE § 35–41–1–24.7(1)(D)(i) (1994 Supp.). Woods has failed to demonstrate how he has been harmed.

Woods also argues his convictions for both dealing in cocaine and failure to pay the CSET, IND.CODE §§ 6–7–3–1 through 6–7–3–17 (1992 Supp.), violate the constitutional provisions of double jeopardy.[1] Woods' argument in his appellate brief cites only to *Dept. of Revenue of Montana v. Kurth Ranch et al.* (1994), 511 U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767, and *United States v. Halper* (1989), 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487, to support his challenge to the CSET's constitutionality. The issue in both *Kurth Ranch* and *Halper* was limited to whether there had been a violation of the United States Constitution. As Woods has provided no analysis of the double jeopardy provision of the Indiana Constitution, our decision is likewise limited.

In *Kurth Ranch,* the United States Supreme Court held that Montana's Dangerous Drug Tax Act was a "punishment," and that it was a violation of the double jeopardy clause of the United States Constitution to impose a punishment *in a proceeding subsequent* to the underlying drug prosecution. *Id.* at ——, 114 S.Ct. at 1948, 128 L.Ed.2d at 781–782. This conclusion, however, does not aid Wood as his prosecution for failure to pay the CSET was contemporaneous with his prosecution for the underlying drug offense. Therefore, Woods' conviction does not violate the double jeopardy clause of the United States Constitution.

Woods further contends his three-year sentence for failure to pay the CSET, a Class D felony, was constitutionally disproportionate. As the State points out, Woods cites only to *Clark v. State* (1990), Ind., 561 N.E.2d 759, without providing any legal analysis, thereby, waiving his argument on appeal. *See Light v. State* (1989), Ind., 547 N.E.2d 1073, 1076, n. 1. Notwithstanding waiver, Woods' three-year concurrent sentence on Count IV was not disproportionate.

It is within the discretion of the trial court to determine whether a presumptive sentence will be increased or decreased because of aggravating or mitigating circumstances. *Sims v. State* (1992), Ind., 585 N.E.2d 271, 272. A sentence imposed within the statutory limits will not be revised unless the sentence is manifestly unreasonable. *Id.* Further, the trial court need only list one aggravating circumstance to support an enhanced sentence. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370, 1374.

IND.CODE § 35–50–2–7 (1993 Ed.) provides: "A person who commits a Class D felony shall be imprisoned for a fixed term of one and one-half (1½) years, with no more than one and one/half (1½) years added for aggravating circumstances[.] ..." In the present case, the trial court initially sentenced Woods to the presumptive thirty years' imprisonment for Counts I and II, dealing in cocaine, as a Class A felony, and three years' imprisonment for Count IV, failure to pay the CSET. The court noted Woods' extensive criminal history as an aggravating circumstance and mitigating circumstances of Woods' age and the total sentence, as its basis for the sentence given. The trial court's decision to impose an aggravated three-year sentence to be served concurrently with Woods' sentences for dealing in cocaine was not manifestly unreasonable. *See Fugate,* 608 N.E.2d at 1374 (enhanced sentence can be imposed when the only aggravating circumstance is a prior criminal history).

Finally, Woods challenges the sufficiency of the evidence to support the finding he was an habitual offender. Certified copies of judgments or commitments containing the

---

1. The Indiana Supreme Court has granted transfer in three cases which each include the issue of the constitutionality of the CSET, *see eg. Clifft v. Indiana Dept. of State Revenue* (1994), Tax.App., 641 N.E.2d 682 *trans. granted; Collins v. State* (1995), Ind.App., 645 N.E.2d 1089 *trans. granted; Whitt v. State* (1995), Ind.App., 645 N.E.2d 677 *trans. granted;* however, no written opinion has been issued at this time.

same or a similar name as the defendant's may be introduced into evidence to prove the conviction of prior offenses. *Sullivan v. State* (1988), Ind.App., 517 N.E.2d 1251, 1254, *trans. denied.* However, supporting evidence must exist to identify the defendant as being the same person named in the documents. *Id.*

A booking slip was admitted into evidence which listed the defendant as "Jack Woods." The slip further contained various vital statistics including Woods' race, age, date of birth, social security number, height and weight. During the habitual offender phase of Woods' trial, the State sought to prove Woods had been convicted of two prior felonies, burglary in 1970 and forgery in 1980. The State presented into evidence certified judgments of conviction and sentencing orders for a "Jack Woods, Jr.," Exhibits Nos. 16 and 17.

However, Exhibit No. 17, regarding the 1970 burglary conviction, does not contain sufficient supporting evidence to identify Woods as being the same defendant as named in the documents. In the present case, Woods' race was listed as "b." (black) and his date of birth as June 28, 1940. The only description of the Jack Woods in Exhibit No. 17 provides "m/c/27" (male/caucasian/27 years of age). Woods would have been 30 years old in 1970, not 27. Additionally, the Jack Woods in the present case is an African–American male, not a Caucasian male. The evidence presented during the habitual offender phase of Woods' trial was insufficient to support an enhancement of Woods' convictions for dealing in cocaine, as a Class A felony. Thus, the trial court is directed to vacate the habitual offender enhancements and resentence Woods accordingly.

Judgment affirmed in part and reversed in part.

GARRARD and NAJAM, JJ., concur.