**Garry MOORE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9703–CR–160.

Court of Appeals of Indiana.

Feb. 6, 1998.

---

Janet S. Dowling, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, and Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

After a jury trial, Garry Moore was convicted of two counts of Conspiracy to Commit Dealing in cocaine within 1000 feet of school property, a class A felony, Dealing in Cocaine within 1000 feet of school property, a Class A felony, and Possession of Cocaine within 1000 feet of school property, a class B felony. The trial court entered a judgment of conviction on each count and sentenced Moore to a total term of 45 years. Moore now appeals.

We affirm in part, reverse in part and remand.

### ISSUES

Moore presents several issues on appeal which we consolidate and restate as:

1. Whether the double jeopardy clause of the Indiana Constitution should be interpreted differently from the double jeopardy clause of the United States Constitution.

2. Whether the sentence of forty-five years is manifestly unreasonable.

## FACTS

On July 18, 1995, Detective Dulin Nelson of the Indianapolis Police Department was working undercover with Detective Darren Odier. Through a prior investigation, Odier had discovered what he believed to be an "open air market" for crack cocaine operated by Moore at his residence located across the street from Washington Elementary School.[1] Nelson drove his car up to the curb in front of Moore's house, and Connie Boster, a prostitute who worked for Moore, approached Nelson's car. She asked Nelson what he was looking for, and he responded that he wanted to buy a $20.00 rock of cocaine. Boster went to the front porch of the house where Moore was sitting. Moore pulled a bag from his pocket and handed her a rock that appeared to be cocaine. Boster took the rock to Nelson, who gave her $20.00 which she carried back to Moore. The rock was later determined to contain .1864 grams of crack cocaine.

Three days later, Nelson returned to Moore's residence and engaged in a virtually identical transaction. The rock purchased in this transaction was later determined to contain .2152 grams of cocaine. Odier witnessed these transactions from a window in Washington Elementary School where he had set up a video camera. Both transactions were videotaped.

## DISCUSSION AND DECISION

### Issue One: Double Jeopardy

Moore first contends that his convictions for dealing in cocaine within 1000 feet of school property and conspiracy to deal in cocaine within 1000 feet of school property violate the double jeopardy clause of the Indiana Constitution. Moore concedes that it is possible to convict him for both offenses under the *Blockburger* test[2] used to analyze claims under the double jeopardy clause of the federal constitution. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 307 (1932). However, he argues that Indiana should adopt the test previously articulated in *Derado v. State,* 622 N.E.2d 181 (Ind.1993) and *Tawney v. State,* 439 N.E.2d 582 (Ind.1982) and their progeny because a "strict and mechanical application of the *Blockburger* test will seldom result in two offenses being the same" and, thus, "leaves a defendant with little double jeopardy protection."

The issue Moore presents is one of first impression. Recently, our supreme court decided the cases of *Games v. State,* 684 N.E.2d 466 (Ind.1997) and *Grinstead v. State,* 684 N.E.2d 482 (Ind.1997) which held that when an Indiana court is presented with a federal double jeopardy claim, it must apply the federal standard as articulated in *Dixon,* 509 U.S. at 704, 113 S.Ct. at 2860, 125 L.Ed.2d at 573. That test, known as the "same elements" test, requires that we look only to the statutory elements of the offenses, not to the information, the jury instructions outlining the elements of the crime or the underlying proof needed to establish the elements. *Games,* 684 N.E.2d at 477; *Grinstead,* 684 N.E.2d at 486.[3] Our supreme court recently reaffirmed these holdings in *Carter v. State,* 686 N.E.2d 834, 837 (Ind. 1997).

After *Games* and *Grinstead* were issued, this court decided several cases that have since been vacated in which the appellants argued that Indiana had previously adopted its own double jeopardy analysis under the Indiana Constitution. *Compare Richardson v. State,* 687 N.E.2d 241 (Ind.Ct.App.1997), *trans. granted,* (proper inquiry into alleged

---

1. Odier determined the distance between Moore's home and Washington Elementary School to be 91 feet 8 inches.

2. In *United States v. Dixon,* 509 U.S. 688, 704, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556, 573 (1993) the United States Supreme Court reaffirmed that this test requires that we look only to the statutory elements of the offenses charged.

3. Previously both state and federal jurisprudence utilized a two-prong test to analyze double jeopardy claims. This test required that the court look beyond the statutory elements to the informations, jury instructions and proof presented at trial to determine whether double jeopardy rights had been violated. *See e.g. Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Derado,* 622 N.E.2d 181; *Tawney,* 439 N.E.2d 582.

violations of double jeopardy clause of Indiana Constitution is essentially the same as that under the federal constitution) with *Valentin v. State,* 685 N.E.2d 1100 (Ind.Ct. App.1997) (*Dixon* has not changed Indiana double jeopardy analysis which requires an examination of the jury instructions and informations), *rev'd.* (Court of Appeals erred in deciding Indiana double jeopardy issue because it was not raised by defendant) and *Thorpe v. State,* 686 N.E.2d 1296 (Ind.Ct. App.1997) (Indiana double jeopardy analysis has not changed and requires an examination of the jury instructions and informations) *rev'd.* (Court of Appeals erred in deciding Indiana double jeopardy issue because it was not raised by defendant). However, this is the first case before this Court in which an appellant has squarely presented the issue of whether Indiana *should* adopt its own double jeopardy analysis.

Moore makes a cogent argument that the "same concerns which sparked a departure from *Blockburger*" dictate that Indiana should adopt its own double jeopardy analysis. He then goes on to claim that the Indiana Constitution should be interpreted in a manner which safeguards a defendant's jeopardy rights and avoids the harsh results of a strict application of *Blockburger.*

[1]   Article 1 § 14 of the Indiana Constitution states that "no person shall be put in jeopardy twice for the same offense." This language is slightly different from that found in the Fifth Amendment of the United States Constitution which provides that "[n]o person shall be subject to the same offense or be twice put in jeopardy of life or limb." However, the difference in language is insignificant, and the analysis under each of these clauses has been essentially the same since *Elmore v. State,* 269 Ind. 532, 382 N.E.2d 893 (1978). Thus, we find nothing in the text of the Indiana Constitution which supports Moore's contention that Indiana requires a separate analysis.

■   In addition, both clauses have been interpreted to provide the same protections. Double jeopardy protects "against successive prosecutions following conviction, reprosecution after acquittal, and multiple punishments for the same offense." *Games,* 684 N.E.2d at 473 (citing *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). Like the defendant in *Games,* Moore bases his appeal on the third protection and claims that his convictions for both conspiracy to deal in cocaine and dealing in cocaine violate the prohibition against multiple punishments for the same offense.

■   The phrase "same offense" appears in the text of both the state and federal double jeopardy clauses. The dispute over the proper test to determine whether double jeopardy has been violated has turned on the definition of that phrase. In *Dixon,* Justice Scalia incorporated his dissent in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). *Dixon,* 509 U.S. at 704, 113 S.Ct. at 2860, 125 L.Ed.2d at 573. In that dissent, Justice Scalia discussed the meaning of the term "offense," and stated that at the time the Fifth Amendment to the United States Constitution was drafted and adopted, the term "offense" was commonly understood to mean "transgression" which was defined as the violation or breaking of a law. *Grady,* 495 U.S. at 529, 110 S.Ct. at 2097, 109 L.Ed.2d at 569. Under that definition, it is possible to commit two offenses during one act. As such, the double jeopardy clause of the United States Constitution has been "interpreted since its inception . . . to permit a prosecution based upon the same acts but for a different crime." *Id.* at 526, 110 S.Ct. at 2096, 109 L.Ed.2d at 569. Because the definition of what constitutes an offense is the province of the legislature, the *Blockburger* test was developed to assist the court in determining the legislative intent when it is not clear from the face of the statutes themselves. *See id.; see also Games,* 684 N.E.2d at 474. Therefore, the ultimate protection afforded by the double jeopardy clause is that a defendant will not be punished twice for the same offense, as established by the legislature, not that the defendant will not be punished for several offenses resulting from the same act.

The two-prong test approved by *Grady* and utilized in Indiana until *Games* and *Grinstead* produced untenable results because of the inconsistency inherent in its application. For example, a defendant charged with conspiracy to commit a crime

based on an overt act that is not listed in the information charging the defendant with the crime itself can be convicted of both crimes without violating double jeopardy. However, the defendant who is charged with an overt act in furtherance of a conspiracy that is also listed as an act in the commission of the crime itself cannot be convicted of both crimes without violating double jeopardy. Thus, under this test, the constitutional rights of the accused are dependent on the writing skill of the prosecutor and not on whether the legislature intended that the defendant be punished for two separate offenses arising out of the same act. Moore may be correct in his assertion that strict application of the *Blockburger* test will seldom result in two identical offenses. However, a strict application of the test will yield clear and consistent results, unlike the two-prong test he advocates. Therefore, we conclude that the better alternative is to remain consistent with federal double jeopardy analysis and utilize the *Blockburger* "same elements" test when our courts are asked to analyze double jeopardy claims under the Indiana Constitution.

■ In the present case, Moore, concedes that conspiracy to deal in cocaine and dealing in cocaine each contain an element that the other does not.[4] Accordingly we conclude that Moore's convictions for both conspiracy to deal in cocaine and dealing in cocaine do not violate double jeopardy under the Indiana Constitution.

As an additional matter, Moore contends that his convictions for both possession of cocaine and dealing in cocaine violate double jeopardy even under the "same elements" test. An examination of the statutory elements of these two offenses shows that possession of cocaine is a lesser included offense of dealing in cocaine because the dealing statute requires proof of possession. Therefore, we remand to the trial court to vacate the conviction for possession of cocaine in that it is a lesser included offense of dealing in cocaine. *See Molino v. State,* 546 N.E.2d 1216, 1219 (Ind.1989).

**Issue two: Sentencing**

Moore also contends that his sentence of forty-five years is manifestly unreasonable in light of the nature of the offense and offender. Specifically, he claims that the trial court considered improper aggravators when it enhanced his sentence to forty-five years from the presumptive sentence of thirty years. We disagree.

■ Sentencing is left to the sound discretion of the trial court. *Woods v. State,* 677 N.E.2d 499, 502 (Ind.1997). The trial court also has the discretion to determine whether a sentence will be enhanced or mitigated due to aggravating or mitigating factors. IND. CODE § 35–38–1–7.1; *see* also *Concepcion v. State,* 567 N.E.2d 784, 790 (Ind.1991). This court will revise a sentence authorized by statute only where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.Appellate Rule 17(B).

■ At the sentencing hearing the trial court found as aggravating factors that Moore has a prior criminal history including an arrest for possession of a handgun without a license in 1995, followed by a conviction after his arrest in this case; robbery with a deadly weapon in 1986; and receiving stolen property in 1982. In addition, the court found that Moore has a history of failure of rehabilitation or being successful on any type of probation or parole and was in need of correctional rehabilitative treatment provided by commitment to a penal facility and that the type of acts that occurred and the location of these acts could have possibly endangered children and, thus, a reduction of his sentence would depreciate the seriousness of the crime. The court found no mitigating factors and sentenced Moore to forty-five years on each count to be served concurrently.

■ The presumptive term for a class A felony is thirty years. IND. CODE § 35–50–2–4. That term may be enhanced by an additional twenty years based on a finding of aggravating circumstances. *Id.* Although

---

**4.** Conspiracy requires proof that the defendant agreed with another individual to deal cocaine and an overt act in furtherance of that agreement but does not require actual delivery of cocaine which is required to prove dealing in cocaine. *See* IND. CODE §§ 35–41–5–2 and 35–48–4–1.

Moore claims that several of the aggravators listed by the trial court were improper, he concedes that a single aggravator may support an enhanced sentence. *See Smith v. State,* 675 N.E.2d 693 (Ind.1996); *Woods v. State,* 654 N.E.2d 1153 (Ind.Ct.App.1995). Moore also concedes that based on his prior criminal history, "some enhancement may be warranted." *See* IND. CODE § 35–38–1–7.1(b) (defendant's criminal history is a proper aggravator). Because the trial court properly considered Moore's prior criminal history as an aggravating circumstance, we do not address the propriety of the other aggravators and conclude that the trial court did not abuse its discretion when it sentenced Moore to an enhanced term of forty-five years.

Affirmed in part, reversed in part and remanded.

BAKER and RILEY, JJ., concur.