**Trent ANGLE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 12A04–9711–CR–495.**

Court of Appeals of Indiana.

Aug. 11, 1998.

---

Michael Gene Worden, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Janet Brown Mallett, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

RATLIFF, Senior Judge.

### Case Summary

Trent Angle was convicted by a jury of rape, a Class B felony, criminal confinement, a Class D felony, residential entry, a Class D felony, and battery, a Class A misdemeanor. Angle was sentenced to a total of twenty-seven years imprisonment. Angle now appeals his convictions and sentence.

### Issues

Angle presents three issues for our review, which we restate as:

1. Whether the trial court erred in refusing Angle's tendered instruction on battery, a Class B misdemeanor, as a lesser included offense of rape;

2. Whether Angle's separate convictions and sentences for both rape and criminal confinement constituted double jeopardy; and

3. Whether the trial court erred in enhancing Angle's sentences and ordering that they be served consecutively because the trial court relied on improper aggravating circumstances.

### Facts and Procedural History

The night of May 24, 1997, Denise Angle, Angle's estranged wife, returned home from work and put her two children to bed. As Denise entered her bedroom, she heard a noise, and discovered Angle on the floor between her bed and the wall. He had entered the house through a window. Angle lunged at Denise and knocked her to the floor, kicked her, and ordered her to go into the kitchen to prepare a bottle for their infant son. Angle then insisted that she go into the baby's room. He followed her and ordered her to remove her clothing. Angle threatened to kill her and the children and repeatedly hit her in the face. Denise was able to convince Angle to leave the baby's room, and he followed her downstairs to her bedroom, where he held her hands above her head and had sexual intercourse with her. Denise testified that she did not consent to this act, but she did not fight, either, fearing that Angle would harm her or the children. When Angle fell asleep, Denise took the children and left the house.

Angle was charged with four counts stemming from this incident, and was found guilty of all four by a jury. The trial court sentenced Angle to twenty years for the rape conviction,[1] three years each for the criminal confinement and residential entry convic-

---

1. The presumptive sentence for a Class B felony is ten years, with not more than ten years added for aggravating circumstances, nor more than four years subtracted for mitigating circumstances. Ind.Code § 35-50-2-5.

tions,[2] and one year for the battery conviction,[3] all to be served consecutively.[4]

*Discussion and Decision*

**I.**

Angle first argues that the trial court erred in refusing to give his tendered instruction on battery as a lesser included offense of rape. Angle's tendered instruction read as follows:

> If you find that the State has failed to prove any one of the essential elements of the charge of Rape, you should find the defendant not guilty of that crime. You should then decide whether the State has proved beyond a reasonable doubt all the elements of the included crime of battery.

> The included crime of battery is defined by statute as follows:

> > A person who knowingly or intentionally touches another person in a rude or insolent manner, commits battery a Class B misdemeanor.

> To convict the defendant the State must have proved each of the following elements:

> The defendant

> 1. knowingly or intentionally
> 2. touched another person, Denise Angle
> 3. in a rude or insolent manner.

> If the State failed to prove each of the essential elements of the crime of battery beyond a reasonable doubt, the defendant should be found not guilty.

> If the State proved each of the elements of the crime of battery beyond a reasonable doubt, you should find the defendant guilty of battery.

R. 31.

■ To determine whether an instruction on a lesser included offense should be given, the court must first ask whether the alleged lesser included offense is either inherently or factually included in the crime which is charged. *Wright v. State*, 658 N.E.2d 563, 566–67 (Ind.1995). If the court decides that the alleged lesser included offense is either inherently or factually included in the crime which is charged, then

> it must look at the evidence presented in the case by both parties. If there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense and if, in view of this dispute, a jury could conclude that the lesser offense was committed but not the greater, then it is reversible error for a trial court not to give an instruction, when requested, on the inherently or factually included lesser offense. If the evidence does not so support the giving of a requested instruction on an inherently or factually included offense, then a trial court should not give the requested instruction.

*Id.* at 567 (citations omitted).

■ Battery is an inherently included lesser offense of rape, and the element distinguishing the two offenses is sexual intercourse. *See Roland v. State*, 501 N.E.2d 1034, 1039 (Ind.1986). However, there is no serious evidentiary dispute in this case about the element which distinguishes the two offenses. Angle admitted that sexual intercourse occurred, but testified that it was consensual. R. 208–10. Denise testified that although she did not try to fight Angle for fear that he would follow through on his threat to kill her and the children, she did not consent to the act. R. 128–29. Neither party's account of the incident suggests that a battery without a rape occurred. The evidence in this case, therefore, did not support an instruction on battery as a lesser included offense of rape.

---

**2.** The presumptive sentence for a Class D felony is one and one-half years, with not more than one and one-half years added for aggravating circumstances, nor more than one year subtracted for mitigating circumstances. Ind.Code § 35–50–2–7.

**3.** The sentence for a Class A misdemeanor is a fixed term of not more than one year. Ind.Code § 35–50–3–2.

**4.** Pursuant to Indiana Code section 35–50–1–2(c), the trial court has the discretion to determine whether terms of imprisonment shall be served consecutively or concurrently.

## II.

Angle next asserts that his separate convictions and sentences for rape and criminal confinement constitute double jeopardy. Angle concedes that under the federal double jeopardy clause there is no violation, because each offense requires proof of an element which the other does not. *See United States v. Dixon,* 509 U.S. 688, 704, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). However, he argues that the Indiana constitutional prohibition against double jeopardy should be analyzed independently of the federal clause, requiring not only an analysis of the elements of the offenses, but also an examination of the factual basis for each offense alleged in the charging information, citing several decisions which so hold. *See Wright v. State,* 665 N.E.2d 2, 4 (Ind.Ct.App.1996); *Ott v. State,* 648 N.E.2d 671, 673 (Ind.Ct.App.1995); and *Jackson v. State,* 643 N.E.2d 905, 908 (Ind.Ct.App.1994), *trans. denied.* Angle contends that, if the factual basis is examined, there was no confinement beyond that necessary to effect the rape.

■ It is true that there is a body of case law which holds that double jeopardy analysis requires a two-step determination of whether each offense requires proof of an element which the other does not and then whether the two offenses are based on different factual allegations. *See Wethington v. State,* 560 N.E.2d 496, 506–07 (Ind.1990). However, this line of cases merely tracked a series of federal decisions utilizing the two-prong test. *See Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). In 1993, *Dixon* returned to the "same elements" analysis of the federal double jeopardy clause first articulated in *Blockburger.* This court, in deciding whether, in the wake of *Dixon,* Indiana should adopt its own double jeopardy analysis, has held that "nothing

in the text of the Indiana Constitution ... supports [the defendant's] contention that Indiana requires a separate analysis." *Moore v. State,* 691 N.E.2d 1232, 1235 (Ind. Ct.App.1998), *trans. denied.* For the reasons stated in *Moore,* we agree that double jeopardy analysis is the same under both the federal and state constitutions.

■ As stated above, Angle concedes that rape and criminal confinement each contain an element which the other does not.[5] Accordingly, we conclude that Angle's convictions for both rape and criminal confinement do not violate double jeopardy under the Indiana Constitution.[6]

## III.

Finally, Angle argues that the trial court erred in sentencing him by considering improper aggravating factors. The trial court found as aggravating factors that Angle had a history of criminal or delinquent activity, including a history of violence; that he was on probation at the time of the offenses; that he is in need of correctional or rehabilitative treatment that can best be provided by commitment to a penal facility; and that imposition of a reduced sentence would depreciate the seriousness of the crime. The court found no mitigating circumstances. Angle asserts error with respect to two of the four aggravating factors: need for correctional treatment and depreciating the seriousness of the crime.

■ Angle asserts error in the trial court's consideration of the need for correctional treatment that could best be provided by incarceration as an aggravating factor because the trial court failed to provide a statement explaining its reasons for finding this as an aggravating circumstance. To enhance a sentence based upon this factor, the court must provide a specific and individual-

---

**5.** As charged, rape requires proof that the defendant knowingly or intentionally had sexual intercourse with a member of the opposite sex when the other person was compelled by force or the imminent threat of force, and confinement requires proof that the defendant knowingly or intentionally confined another person without that person's consent. Ind.Code §§ 35–42–4–1 and 35–42–3–3.

**6.** We note that Angle would not prevail even if we were to accept his argument that the Indiana Constitution requires a separate double jeopardy analysis: the evidence clearly supports the criminal confinement conviction based upon Angle confining Denise to the baby's room *prior* to the rape.

ized statement of the reasons why it believed that defendant was in need of correctional treatment in a penal facility beyond the presumptive term. *Hollins v. State,* 679 N.E.2d 1305, 1308 (Ind.1997). It is improper to use this factor as an aggravating circumstance without such a statement. *Smith v. State,* 675 N.E.2d 693, 697–98 (Ind.1996). However, it is sufficient if the trial court's reasons for enhancement are clear from a review of the transcript of the sentencing. *Day v. State,* 669 N.E.2d 1072, 1073 (Ind.Ct.App. 1996).

■ The sentencing order merely recites the statutory language that Angle "is in need of correctional or rehabilitative treatment that can best be provided by commitment to a penal facility." [7] R. 81. At the sentencing hearing, however, the trial judge issued a lengthy statement detailing the nature of Angle's criminal history, the fact that past incarceration had not improved his conduct, that his acts of violence seemed to be increasing rather than decreasing and that he had yet to break his pattern of substance abuse. R. 297–305. The record here adequately supports the trial court's consideration of the need for correctional treatment as a proper aggravating circumstance.

■ We agree with Angle that the trial court improperly considered as an aggravating circumstance that imposition of a reduced sentence would depreciate the seriousness of the crime. Our courts repeatedly have held that use of this factor is appropriate only when the trial court is considering imposing a sentence of less duration than presumptive, and cannot be used to support an enhanced sentence. *See Jones v. State,* 675 N.E.2d 1084, 1088 (Ind.1996); *Lockhart v. State,* 671 N.E.2d 893, 904 n. 5 (Ind.Ct. App.1996). There is no evidence that the trial court ever considered sentencing Angle to a term less than the presumptive, and therefore, the trial court should not have considered this factor.

■ Angle urges us, should we find any of the trial court's aggravating factors to be improper, to reverse his sentence and remand to the trial court for reconsideration of the sentence without the improper factor, arguing that the court might wish to impose a different sentence upon weighing only the proper aggravating factors. Improper use of a given aggravating circumstance will not necessarily invalidate the sentence where other valid aggravating circumstances are found. *Widener v. State,* 659 N.E.2d 529, 533 (Ind.1995). Even a single aggravating factor can be sufficient to support an enhanced sentence. *Casey v. State,* 676 N.E.2d 1069, 1073 (Ind.Ct.App.1997).

■ In this case, the trial court found three proper aggravating circumstances, including Angle's extensive criminal history and the fact that he was on probation at the time of these offenses. The court found no mitigating circumstances. Where the court has considered an improper aggravating circumstance but other aggravating circumstances are adequate to support the enhanced sentence, we will affirm the sentence. *Marshall v. State,* 590 N.E.2d 627, 633 (Ind. Ct.App.1992). This is especially true here, where, given the court's statements at the sentencing hearing, without a doubt the trial court would have imposed enhanced sentences even without considering the improper factor.

## Conclusion

The trial court did not err in refusing Angle's tendered instruction on battery as a lesser included offense of rape, as there was no serious evidentiary dispute about the distinguishing element. Angle's convictions of both rape and criminal confinement did not violate either the federal or state constitutional prohibitions against double jeopardy, as each offense requires proof of an element which the other does not. The trial court improperly considered that reducing the length of Angle's sentence would depreciate the seriousness of his crimes, but found three other proper aggravating circumstances to support enhanced, consecutive sentences, and therefore did not err in sentencing Angle. The trial court is in all respects affirmed.

---

7. *See* Ind.Code § 35–38–1–7.1(b)(3).

STATON, J., concurs.

SULLIVAN, J., concurs in result.

SULLIVAN, Judge, concurring in result.

As to Issue I, I concur but would advance a somewhat different or expanded rationale for affirming the refusal of the instruction on the Class B misdemeanor battery as an included offense of rape.

As tendered, Angle's instruction was confined to simple battery as a Class B misdemeanor. In this regard it would have been misleading to the jury in implying that the jury must find him guilty of rape, or of a Class B misdemeanor battery, or acquit. Under the facts of this case, it would have been possible for the jury to find Angle not guilty of rape but guilty of a battery of a higher degree than merely the Class B misdemeanor battery. Therefore it was not error to refuse the instruction.

In this regard, I would emphasize that the battery instruction issue relates solely to the question of whether the offense of battery is included in the rape charge and would disagree with the majority that "[n]either party's account of the incident suggests that a battery without a rape occurred", if such statement is construed to mean that the only battery which took place was that which was an integral part of the rape. Were such the true state of the facts, there could not be a rape conviction *and* a separate battery conviction. Quite obviously there were several separate batteries of the victim on this occasion: (1) In the bedroom he knocked her to the floor and kicked her; (2) In the baby's room he repeatedly hit her in the face. Only thereafter, after going downstairs, did the rape occur during which Angle held the victim's hands above her head. It is apparent that the separate battery charge as a Class A misdemeanor, upon which there was a separate conviction, was premised upon the allegation that Angle hit, kicked and grabbed the victim by the throat, causing bodily injury.

With respect to Issue II, I respectfully disagree that Indiana law restricts double jeopardy analysis to a comparison of the statutorily-defined elements of the two respective offenses. It does not do so. The manner in which the offenses are charged may often implicate double jeopardy prohibitions against multiple convictions. *Moore v. State*, (1998) Ind.App., 691 N.E.2d 1232.

The majority treatment, in its element matching analysis, implies that if the only confinement were that which was included within and necessary to accomplish the rape, the two convictions could co-exist. Such implication, if intended, would be in error. Multiple convictions could no more co-exist in that setting than could multiple convictions be validated for battery and rape where the only battery was the "rude, or insolent touching" which was also the forcible penetration necessary to establish the rape. *Webster v. State* (1994) Ind., 628 N.E.2d 1212; *Taylor v. State*, (1998) Ind.App., 699 N.E.2d 270.

Here, however, as noted by the majority in footnote 6, there was a separate and independent confinement of the victim in the baby's room prior to the rape. For this reason, I agree that the conviction for confinement and the conviction for rape do not violate double jeopardy considerations.

With regard to the sentencing issue under III, Angle is correct in his assertion that "the need [for] correctional or rehabilitative treatment that can best be provided by commitment to a penal facility" and "imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime" are inadequate aggravators. I do not believe that the record adequately demonstrates the trial court's reason for using those overly-broad statutory enhancing factors.

I would further note that case precedent exists in Indiana which permits use of the "depreciate the seriousness of the crime" factor not only when a sentence lesser than the presumptive is contemplated, but also if the court specifically states that a sentence of any less than the enhanced sentence being imposed would "depreciate the seriousness of the crime". In the latter situation the factor is not deemed to be a recitation of the specific statutory factor, but is rather an independent sentencing factor not precluded by the statutory list of aggravators because that list is not exclusive. *Ector v. State* (1994) Ind., 639 N.E.2d 1014, *reh'g denied.*

Be that as it may, there are adequate aggravators other than the two which are inadequate bases for the enhanced sentences. Angle's prior criminal record and the fact that he was on probation at the time he committed these offenses are adequate bases, albeit minimally so, for the sentences imposed.[8]

---

8. If there were only one valid aggravating circumstance set forth, I would question the fact that not only were three of the four convictions enhanced, but all four were ordered to be served consecutive to each other. *See Walton v. State* (1995) Ind., 650 N.E.2d 1134. As noted in *Staton v. State* (1994) Ind.App., 640 N.E.2d 741, 743, *trans. denied,* "ordinarily, a single aggravating factor should not be used to both impose an enhanced sentence and consecutive sentences."